# EXHIBIT B



Embassy of the United States of America

Certificate to be Attached to Documentary Evidence Accompanying
Requisitions in the United States for Extradition

## AMERICAN FOREIGN SERVICE

Ottawa, Canada, May 29, 2015

I, Bruce A. Heyman, Ambassador of the United States of America at Ottawa, Canada, hereby certify that the annexed papers, being authenticated supporting documents proposed to be used upon an application for the extradition from the United States of Kenneth Wayne FROUD, who is wanted in the Province of Ontario to stand trial on three charges of failing to comply with a Long Term Supervision Order (LTSO), contrary to the Criminal Code and to serve 3409 days remaining to be served on a LTSO that accompanied a 30 month sentence imposed on one count of Break and Enter and Commit Sexual Assault contrary to s. 348(1)(b) of the Criminal Code; one count of Utter a Threat to cause Bodily Harm contrary to s. 264.1(2) of the Criminal Code; and one count of Sexual Assault Using a Weapon, contrary to s.272(2) of the Criminal Code, are properly and legally authenticated so as to entitle them to be received in evidence for similar purposes by the tribunals of Canada, as required by Title 18, United States Code, Section 3190.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed this 29th day of May, 2015.

Bruce A. Heyman
Ambassador of the
United States of America

Form 36- Foreign Service



Justice   Ministère de la Justice
Canada

# CERTIFICATE OF AUTHENTICATION

*IN THE MATTER OF the extradition of KENNETH WAYNE FROUDE from the United States of America to Ontario, Canada*

I, CATHY CHALIFOUR, Counsel, International Assistance Group, Department of Justice of Canada, do hereby certify:

THAT attached to this Certificate is authenticated documentation presented by Canada in support of the extradition of Kenneth Wayne Froude who is wanted in the Province of Ontario to stand trial on three charges of failing to comply with a Long Term Supervision Order, contrary to the *Criminal Code* and to serve 3409 days remaining to be served on the said Long Term Supervision Order that accompanied a 30 month sentence imposed on one count of Break and Enter and Commit Sexual Assault contrary to s. 348(1)(b) of the *Criminal Code*; one count of Utter a Threat to cause Bodily Harm, contrary to s. 264.1(2) of the *Criminal Code*; and one count of Sexual Assault Using a Weapon, contrary to s. 272(2) of the *Criminal Code*.

THAT the documentation attached to this certificate is composed of:

- the original Affidavit of Law prepared by KAREN SHAI, Counsel in the Crown Law Office – Criminal, Ministry of the Attorney General for the Province of Ontario prepared on May 15, 2015, to which is attached:

    o   as exhibit "E", a certified true copy of the Warrant for Arrest.

- the original Affidavit of Facts prepared by LISA MANSON, National Manager, Sentence Management for the Correctional Service of Canada, prepared on May 19, 2015, to which is attached:

    o   as exhibit "E", a certified true copy of the Warrant of Apprehension, Suspension and Recommitment to Custody of Long Term Supervision.

Canada

- 2 -

THAT Gregory J. Tweney whose original signature appears at the end of the Affidavit of Karen Shai, is a Commissioner of Oaths for the Province of Ontario, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

THAT Sean Martin Peré whose original signature appears at the end of the Affidavit of Lisa Manson, is a Commissioner of Oaths for the Province of Ontario, having been duly commissioned and duly authorized by the laws thereof to administer oaths and to take affidavits within the said Province.

The Seal of the Minister of Justice of Canada is hereby affixed this 24th day of May, 2015.

Cathy Chalifour




CANADA
PROVINCE OF ONTARIO

IN THE MATTER OF a request for the extradition of Kenneth Wayne FROUDE from the United States to Canada to face prosecution for three counts of an offence contrary to the *Criminal Code of Canada* and to serve the remainder of a Long Term Supervision Order

---

### AFFIDAVIT OF LAW OF KAREN SHAI

---

I, Karen Shai, of the City of Toronto, Province of Ontario, Canada, MAKE OATH AND SAY AS FOLLOWS:

### A.   QUALIFICATIONS

1.    I am a Barrister and Solicitor, qualified to practice law in the Province of Ontario, Canada, since March 1998. Since that time, I have been practicing law in the position of Counsel in the Crown Law Office – Criminal, Ministry of the Attorney General for the Province of Ontario.

2.    The Crown Law Office – Criminal is a branch of the Criminal Law Division of the Ministry of the Attorney General for the province of Ontario.  At present, it is composed of approximately 90 lawyers, each of whom specializes in the practice of criminal law.  The Crown Law Office – Criminal maintains carriage of all appeals in relation to serious criminal matters arising in Ontario, before the Court of Appeal for Ontario and the Supreme Court of Canada.  Counsel in the Crown Law Office – Criminal also conduct prosecutions of complex and sensitive criminal matters, such as complex frauds, offences involving public corruption, organized crime, and serious offences against the administration of justice.  In addition, the Crown Law Office – Criminal handles a wide variety of other responsibilities relating to the administration of criminal justice in Ontario, including the preparation of materials in support of applications for the extradition/temporary surrender from foreign jurisdictions, to Canada, of persons who have been charged with the commission of criminal offences in Ontario.

3.    As a result of my training and experience, I am knowledgeable in the criminal and sentencing laws of Canada.


**B.     CANADA'S REQUEST FOR THE EXTRADITION OF KENNETH FROUDE**

4.     The extradition of Mr. FROUDE is sought in order to enforce the balance of 3409 days remaining to serve on his Long Term Supervision Order (LTSO).  His extradition is also sought for prosecution on three charges of failing to comply with a LTSO.  His extradition is not being sought for a fourth charge of failing to comply with the *Sex Offender Information Registration Act* (SOIRA).

**C.     CANADIAN LAW**

5.     In Canada, the federal government has legislative authority for criminal law. Canada's *Criminal Code*, R.S.C. 1985, c. C-46, is a statute duly enacted by the Parliament of Canada and applies across the country.

6.     In each of Canada's provinces, the provincial Attorney General has jurisdiction to enforce criminal law and conduct prosecutions relating to offences set out in the *Criminal Code*.

7.     To be convicted of a criminal offence in Canada, the prosecution must prove all elements of the offence beyond a reasonable doubt.

8.     Before charges are laid in the province of Ontario, a prosecutor reviews all the evidence obtained in the police investigation.  It is the policy of the Attorney General for Ontario that charges are only approved if the prosecutor is satisfied that there is a reasonable prospect of conviction on the available evidence and, if so, it is also in the public interest to proceed against the accused person.

9.     The *Criminal Code of Canada*, Revised Statutes of Canada, 1985, chapter C-46, as amended, is a statute duly enacted by the Parliament of Canada, containing the law relating to criminal offences for the whole of Canada, including the Province of Ontario. The *Criminal Code* was in force at the time of the commission of the alleged offences in this case, and it continues to be in force at the present time.  The *Criminal Code* sets out definitions of offences, the maximum sentences possible for those offences, and sometimes also a minimum sentence that must be imposed for some offences.  The *Criminal Code* also sets out the provisions dealing with the designation of an offender as a Long-Term Offender and the related LTSO provisions.

10.     Pursuant to the *Criminal Code*, a form called an 'Information' is the document by which charges are initiated and brought before the court.  The purpose of the Information is to state the offence(s) an accused person is facing and to give notice of the particular offence(s) they are alleged to have committed.

11.     Under the *Criminal Code*, there are three types of offences: summary conviction, hybrid and indictable offences.  Indictable offences are the most serious offences and the sentencing options vary, but are more significant.  Summary conviction offences are less serious and generally have a maximum punishment of six months incarceration and/or a five thousand dollar fine, or both.  Hybrid offences may be prosecuted by either indictment or summary conviction procedure at the election of the prosecution.

12.     Once an offender is convicted and sentenced to a term of imprisonment of two years or more, the Correctional Services of Canada ("CSC") becomes responsible for the safe and humane custody and supervision of that offender under the authority of the *Corrections and Conditional Release Act*, S.C. 1992, c.20. CSC not only oversees the administration of an offender's sentence while he is imprisoned, but also oversees the supervision of offenders who have been designated as Long-Term Offenders and are released into the community under a LTSO.

13.     A judge will designate an offender to be a "Long-Term Offender" in situations where he or she is satisfied that the conditions specified under ss. 753.1(1) of the *Criminal Code* are met. The general conditions required for a court to order the long term supervision of an offender are the same today as they were in 2004, when Mr. FROUDE committed the predicate offences for which he was ultimately declared a Long-Term Offender in 2008. Long-Term Offender designations are available when:

      a.   It would be appropriate to impose a sentence of imprisonment of two years or more for the offence for which the offender has been convicted;

      b.   There is a substantial risk that the offender will reoffend; and

      c.   There is a reasonable possibility of eventual control of the risk in the community.

14.     Subsection 753.1(2) guides the court in determining whether there is a substantial risk that the offender will reoffend. It has changed slightly since 2004.  A copy of the provision as it read in 2004 can be found at **Exhibit "A"** to this Affidavit.

15.     In 2004, s. 753.1(3) stipulated that, where a court finds an offender to be a Long-Term Offender, the court shall:

10.     Pursuant to the *Criminal Code*, a form called an 'Information' is the document by which charges are initiated and brought before the court. The purpose of the Information is to state the offence(s) an accused person is facing and to give notice of the particular offence(s) they are alleged to have committed.

11.     Under the *Criminal Code*, there are three types of offences: summary conviction, hybrid and indictable offences. Indictable offences are the most serious offences and the sentencing options vary, but are more significant. Summary conviction offences are less serious and generally have a maximum punishment of six months incarceration and/or a five thousand dollar fine, or both. Hybrid offences may be prosecuted by either indictment or summary conviction procedure at the election of the prosecution.

12.     Once an offender is convicted and sentenced to a term of imprisonment of two years or more, the Correctional Services of Canada ("CSC") becomes responsible for the safe and humane custody and supervision of that offender under the authority of the *Corrections and Conditional Release Act*, S.C. 1992, c.20. CSC not only oversees the administration of an offender's sentence while he is imprisoned, but also oversees the supervision of offenders who have been designated as Long-Term Offenders and are released into the community under a LTSO.

13.     A judge will designate an offender to be a "Long-Term Offender" in situations where he or she is satisfied that the conditions specified under ss. 753.1(1) of the *Criminal Code* are met. The general conditions required for a court to order the long term supervision of an offender are the same today as they were in 2004, when Mr. FROUDE committed the predicate offences for which he was ultimately declared a Long-Term Offender in 2008. Long-Term Offender designations are available when:

    a.  It would be appropriate to impose a sentence of imprisonment of two years or more for the offence for which the offender has been convicted;

    b.  There is a substantial risk that the offender will reoffend; and

    c.  There is a reasonable possibility of eventual control of the risk in the community.

14.     Subsection 753.1(2) guides the court in determining whether there is a substantial risk that the offender will reoffend. It has changed slightly since 2004. A copy of the provision as it read in 2004 can be found at **Exhibit "A"** to this Affidavit.

15.     In 2004, s. 753.1(3) stipulated that, where a court finds an offender to be a Long-Term Offender, the court shall:

a.   Impose a sentence for the offence for which the offender has been convicted, which sentence must be a minimum punishment of imprisonment for a term of two years; and

b.   Order the offender to be supervised in the community, for a period not exceeding ten years, in accordance with section 753.2 and the *Corrections and Conditional Release Act.*

16.   A copy of this provision is also included in **Exhibit "A"** to this Affidavit.

17.   When a court designates an offender to be a Long-Term Offender, there are standard conditions that will apply to that offender upon release from custody. These standard conditions are set out in ss. 161(1) of the *Corrections and Conditional Release Act* Regulations, SOR 92-620. A copy of this Regulation is provided as **Exhibit "B"** to this Affidavit. In addition, the Parole Board of Canada will impose a variety of special conditions that will govern an offender's release.

18.   The provisions relating to the offence for which prosecution is sought as they were worded at the time of the alleged charges (May 2013) are unchanged to the present day, and are what would be applicable to a trial of these charges in Ontario today. The criminal offence of Failing to Comply with a LTSO contrary to s.753.3(1) of the *Criminal Code* alleged against Mr. FROUDE in the Information is attached hereto and marked as **Exhibit "C"** to this Affidavit.

## D.   THE CRIMINAL CHARGES AND THE ARREST WARRANT IN THIS CASE

19.   Mr. FROUDE's extradition is being sought for three of the four criminal charges with which he is currently charged – i.e. three charges of Failing to Comply with a LTSO contrary to s.753.3(1) of the *Criminal Code.* These charges are outstanding in Canada. I am informed, and I believe, that Mr. FROUDE was never arrested in Canada in respect of these charges and has never attended court in Canada in relation to these charges.

20.   As stated above, under Canadian law, a person is formally charged with a crime when an Information is sworn before a justice (i.e. a Justice of the Ontario Court of Justice, or a Justice of the Peace). The charge is formally "laid" when an informant, usually a police officer, swears under oath that s/he has reasonable grounds to believe that an offence was committed by the accused person, as detailed in the Information. Following the laying of an Information, a warrant for the arrest of the accused person may be issued where the Justice considers that a case for doing so is made out.

5.

21.     In the present case, a total of three charges were initially laid against Mr. FROUDE in connection with this matter.   However, on April 29, 2015, a new Information was sworn by Patti Loyst, a police officer with the Kingston Police Force, joining the charges on a single Information, correcting an error in relation to the date of Mr. FROUDE's LTSO, adding two charges, and removing a charge which was incorrectly laid.  As such, the new Information charges Mr. FROUDE with four charges - three charges of failing to comply with a LTSO contrary to s.753.3(1) of the *Criminal Code* and one charge of failing to comply with the SOIRA contrary to s.490.031(1) of the *Criminal Code.*

22.     The three charges for failing to comply with a LTSO relate to breaches of three of the terms of Mr. FROUDE's LTSO including that he reside at a community correctional centre or facility approved by the CSC, that he remain in Canada, and that he 'obey the law and keep the peace'.   The new Information was issued by Justice of the Peace C.E. Hickling on April 29, 2015.  A court-certified copy of the current Information is attached as **Exhibit "D"** to this Affidavit.  The copy was certified by a clerk of the Ontario Court of Justice.

23.     Again, Mr. FROUDE's extradition is only being sought on the three charges of failing to comply with a LTSO.  His extradition is not sought on the fourth charge of failing to comply with the SOIRA.

24.     On April 29, 2015, Justice of the Peace C.E. Hickling issued a Warrant for the arrest of Kenneth FROUDE, on the basis of reasonable grounds to believe that it was necessary in the public interest to issue that warrant.  On April 30, 2015, the arrest warrant was endorsed as Canada-wide by Justice Tranmer of the Superior Court of Justice.  A court-certified copy of the Warrant for Arrest is attached as **Exhibit "E"** to this Affidavit.

25.     The Warrant for Arrest issued on April 29, 2015, by Justice of the Peace Hickling is a judicial document authorizing the arrest of Mr. FROUDE, and it is presently outstanding, and in force, in respect of the charges contained therein.  Pursuant to the *Criminal Code of Canada*, Justice of the Peace Hickling is a judicial officer and competent authority with jurisdiction to issue warrants of arrest for persons accused of criminal offences under the *Criminal Code of Canada.*

### E.   LTSO REMAINING TO BE SERVED

26.   On March 9, 2006, in the Superior Court of Justice in London, Ontario, Mr. FROUDE was convicted by a Superior Court Justice, sitting with a jury, on one count of break and enter and commit a sexual assault, one count of sexual assault with a weapon and one count of uttering threats to cause bodily harm in relation to offences that were committed in 2004. A copy of the text of sections 348(1)(b), 264.1, 272(1) and (2) of the *Criminal Code*, as they appeared in 2004, is provided as **Exhibit "F"** to this Affidavit.

27.   On May 5, 2008, Justice Rady of the Superior Court of Justice declared Mr. FROUDE a Long-Term Offender. A copy of Justice Rady's decision is attached as **Exhibit "G"** to this Affidavit. On May 16, 2008, Justice Rady sentenced Mr. FROUDE to 10 years imprisonment (comprised of 30 months in addition to 1344 days spent in pre-trial custody, credited at a ratio of 2:1) for the three offences. She also imposed the maximum duration of 10 years for the LTSO. A copy of Justice Rady's decision is attached as **Exhibit "H"** to this Affidavit.

28.   The special conditions imposed on Mr. FROUDE as part of his LTSO are set out at paragraph 5 of the affidavit of Lisa Manson.

29.   Mr. FROUDE appealed his 10 year jail sentence to the Ontario Court of Appeal. He did not appeal the Long-Term Offender designation, nor did he appeal the imposition or duration of the LTSO. On April 21, 2009, Mr. FROUDE's appeal against sentence was dismissed by the Court. A copy of the Ontario Court of Appeal's decision, and the Court's Order dismissing the appeal, is attached as **Exhibit "I"** to this Affidavit.

30.   Mr. FROUDE was released from prison for the three criminal offences set out above on November 12, 2010, and was subject to the 10 year LTSO. On March 25, 2011, he pled guilty to three charges in connection with breaching his LTSO by failing to report to a parole officer and by placing a call to a female correctional officer at the jail from which he had been released. He was charged under ss. 753.3(1) and 264(2)(d) of the *Criminal Code*. He was sentenced to 19 months of imprisonment for these offences, and his 10 year LTSO was suspended while he served that sentence. A copy of the court's decision is attached as **Exhibit "J"** to this Affidavit. Attached as **Exhibit "K"** to this Affidavit is a copy of the two *Criminal Code* provisions under which Mr. FROUDE was charged. Neither of these provisions has been amended since 2011.

31.     Under Canadian law, Statutory Release is a legally mandated release period for offenders incarcerated in a penitentiary. These offenders are entitled to Statutory Release after they have served two thirds of their sentence, at which point they are supervised in the community.

32.     On April 12th, 2012, Mr. FROUDE was released on Statutory Release in relation to the aforementioned 19 month sentence. One of the conditions of his release was that he reside at the Hochelaga Community Correctional Centre in Montreal, Canada. Instead of remaining in Montreal, Mr. FROUDE entered the United States. CSC determined that Mr. FROUDE's whereabouts were unknown and a Warrant of Apprehension, Suspension and Recommitment to Custody was issued pursuant to subsection 135(1) of the *Corrections and Conditional Release Act*. He was returned to Canada by U.S. Homeland Security on July 19, 2012.

33.     Upon eventual completion of his sentence, Mr. FROUDE was again subject to his LTSO as of January 28th, 2013. On May 18th, 2013, Mr. FROUDE's whereabouts again became unknown and a Warrant of Apprehension, Suspension and Recommitment to custody of Long Term Supervision was again issued pursuant to subsection 135.1(1) of the *Corrections and Conditional Release Act*. This warrant, which provides for the arrest of Mr. FROUDE, remains outstanding.

34.     Mr. FROUDE has 3409 days remaining to serve on his LTSO. CSC seeks to enforce the remainder of this supervision order.

## F.   PROSECUTION FOR THE OFFENCE OF BREACHING THE LTSO

35.     As set out at paragraph 21 above, on April 29, 2015, Mr. FROUDE was charged by the Attorney General of Ontario with 3 counts of failing to comply with his Long-Term Supervision Order (LTSO) under s.753.3(1) of the *Criminal Code*. This is an indictable offence which carries a maximum sentence of 10 years imprisonment. The three charges for failing to comply with a LTSO relate to breaches of three of the terms of Mr. FROUDE's LTSO including that he reside at a community correctional centre or facility approved by the CSC, that he remain in Canada, and that he 'obey the law and keep the peace'. The relevant provision from the 2013 *Criminal Code* is attached at Exhibit "C" to this Affidavit.

8



## G.   ELECTION AND LIMITATION PERIOD

36.    If extradited to Canada, Mr. FROUDE will be tried on the three criminal charges together.  The offence of breaching a LTSO contrary to s.753.3(1) of the *Criminal Code* is a purely indictable offence.    In Canada, there is no statutory limitation period of general application in respect of indictable offences.  In the absence of a specific statutory provision to the contrary, the initiation of the prosecution of an indictable offence is not barred by the passage of any period of time, solely on account of that passage of time. There is no statutory enactment which prescribes the time within which a prosecution must be commenced for the charges faced by Mr. FROUDE.  Furthermore, there is no statutory limitation for the enforcement of a LTSO.

## H.   OPINION

37.    I have read the Affidavit of Lisa Manson and its attached exhibits, which accompany Canada's request for the extradition of Mr. FROUDE from the United States of America.  I am of the opinion that the offence for which the extradition of Mr. FROUDE is requested is properly triable in the Province of Ontario, and that the criminal courts in the Province of Ontario have jurisdiction to try Mr. FROUDE on these charges.

38.    I am also of the opinion that the offence for which Mr. FROUDE's extradition is sought is not of a political nature in the alleged circumstances of this case.  The charges have not been laid against Mr. FROUDE for the purpose of prosecuting or punishing him on account of his race, religion, nationality, or political belief.

39.    Likewise, I verily believe that Mr. FROUDE has 3409 days remaining to serve on his LTSO. CSC seeks to enforce the remainder of this supervision order.

40.    This affidavit is made in good faith, in support of a request by Canada for the extradition of Mr. FROUDE to be prosecuted on the aforementioned charges and for the enforcement of a LTSO, and for no improper purpose.

SWORN BEFORE ME, in the City     )
of Toronto, in the Province of         )
Ontario, this  15   day of              )
    May          , 2015              )

_A Commissioner of Oaths, etc._                                    Karen Shai
GREGORY J. TIGNEY

Exhibit "A" to the Affidavit of Karen Shai –
s.753.1 Provisions of the 2004 *Criminal Code*

THIS IS EXHIBIT ................"*A*".............. TO THE

AFFIDAVIT OF .... *Karen  Shai*

SWORN BEFORE ME

THIS ..... *15th*..... DAY OF ..... *May*.......20.*15*.

..............................................................

A Commissioner, etc.

Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 753.1

[eff July 23, 2002 to July 1, 2008](Past Version)

## Criminal Code

### R.S.C. 1985, c. C-46

PART XXIV DANGEROUS OFFENDERS AND LONG-TERM OFFENDERS

Dangerous Offenders and Long-Term Offenders

## SECTION 753.1

*Application for finding that an offender is a long-term offender*

753.1 (1) The court may, on application made under this Part following the filing of an assessment report under subsection 752.1(2), find an offender to be a long-term offender if it is satisfied that

(a) it would be appropriate to impose a sentence of imprisonment of two years or more for the offence for which the offender has been convicted;

(b) there is a substantial risk that the offender will reoffend; and

(c) there is a reasonable possibility of eventual control of the risk in the community.

*Substantial risk*

(2) The court shall be satisfied that there is a substantial risk that the offender will reoffend if

(a) the offender has been convicted of an offence under section 151 (sexual interference), 152 (invitation to sexual touching) or 153 (sexual exploitation), subsection 163.1(2) (making child pornography), subsection 163.1(3) (distribution, etc., of child pornography), subsection 163.1(4) (possession of child pornography), subsection 163.1(4.1) (accessing child pornography), section 172.1 (luring a child), subsection 173(2) (exposure) or section 271 (sexual assault), 272 (sexual assault with a

weapon) or 273 (aggravated sexual assault), or has engaged in serious conduct of a sexual nature in the commission of another offence of which the offender has been convicted; and

(b) the offender

(i) has shown a pattern of repetitive behaviour, of which the offence for which he or she has been convicted forms a part, that shows a likelihood of the offender's causing death or injury to other persons or inflicting severe psychological damage on other persons, or

(ii) by conduct in any sexual matter including that involved in the commission of the offence for which the offender has been convicted, has shown a likelihood of causing injury, pain or other evil to other persons in the future through similar offences.

*If offender found to be long-term offender*

(3) Subject to subsections (3.1), (4) and (5), if the court finds an offender to be a long-term offender, it shall

(a) impose a sentence for the offence for which the offender has been convicted, which sentence must be a minimum punishment of imprisonment for a term of two years; and

(b) order the offender to be supervised in the community, for a period not exceeding ten years, in accordance with section 753.2 and the Corrections and Conditional Release Act.

*Exception - if application made after sentencing*

(3.1) The court may not impose a sentence under paragraph (3)(a) and the sentence that was imposed for the offence for which the offender was convicted stands despite the offender's being found to be a long-term offender, if the application was one that

(a) was made after the offender begins to serve the sentence in a case to which paragraphs 753(2)(a) and (b) apply; and

(b) was treated as an application under this section further to the court deciding to do so under paragraph 753(5)(a).

*Exception - life sentence*

(4) The court shall not make an order under paragraph (3)(b) if the offender has been sentenced to life imprisonment.

*Exception to length of supervision where new declaration*

(5) If the offender commits another offence while required to be supervised by an order made under paragraph (3)(b), and is thereby found to be a long-term offender, the periods of supervision to which the offender is subject at any particular time must not total more than ten years.

*If offender not found to be long-term offender*

(6) If the court does not find an offender to be a long-term offender, the court shall impose sentence for the offence for which the offender has been convicted.

```
               ** Editor's Table **

   Provision      Changed by     In force    Authority

   753.1          1997 c17 s4    1997 Aug 1  SI/97-84
   753.1(2)(a)    2002 c13 s76   2002 Jul 23 SI/2002-106
                           *****
```

*S.C. 1997, c. 17, s. 4; S.C. 2002, c. 13, s. 76.*

Exhibit "B" to the Affidavit of Karen Shai –
s.161(1) of the *Corrections and Conditional Release Act*, Regulation SOR 92-620

THIS IS EXHIBIT ............ "B" ............ TO THE

AFFIDAVIT OF ..... Karen Shai .....

SWORN BEFORE ME

THIS ..... 15ᵗʰ ..... DAY OF ..... May ..... 2015

..............................................

A Commissioner, etc.



Current to April 22, 2015

SOR/92-620, s. 161

## Corrections and Conditional Release Act

## Corrections and Conditional Release Regulations

Registration 29 October, 1992

### SOR/92-620

P.C. 1992-2223 29 October, 1992

## PART II CONDITIONAL RELEASE

### Conditions of Release

### SECTION 161.

161. (1) For the purposes of subsection 133(2) of the Act, every offender who is released on parole or statutory release is subject to the following conditions, namely, that the offender

(a) on release, travel directly to the offender's place of residence, as set out in the release certificate respecting the offender, and report to the offender's parole supervisor immediately and thereafter as instructed by the parole supervisor;

(b) remain at all times in Canada within the territorial boundaries fixed by the parole supervisor;

(c) obey the law and keep the peace;

(d) inform the parole supervisor immediately on arrest or on being questioned by the police;

(e) at all times carry the release certificate and the identity card provided by the releasing authority and produce them on request for identification to any peace officer or parole supervisor;



(f) report to the police if and as instructed by the parole supervisor;

(g) advise the parole supervisor of the offender's address of residence on release and thereafter report immediately

    (i) any change in the offender's address of residence,

    (ii) any change in the offender's normal occupation, including employment, vocational or educational training and volunteer work,

    (iii) any change in the domestic or financial situation of the offender and, on request of the parole supervisor, any change that the offender has knowledge of in the family situation of the offender, and

    (iv) any change that may reasonably be expected to affect the offender's ability to comply with the conditions of parole or statutory release;

(h) not own, possess or have the control of any weapon, as defined in section 2 of the Criminal Code, except as authorized by the parole supervisor; and

(i) in respect of an offender released on day parole, on completion of the day parole, return to the penitentiary from which the offender was released on the date and at the time provided for in the release certificate.

(2) For the purposes of subsection 133(2) of the Act, every offender who is released on unescorted temporary absence is subject to the following conditions, namely, that the offender

(a) on release, travel directly to the destination set out in the absence permit respecting the offender, report to a parole supervisor as directed by the releasing authority and follow the release plan approved by the releasing authority;

(b) remain in Canada within the territorial boundaries fixed by the parole supervisor for the duration of the absence;



Page 4

(c) obey the law and keep the peace;

(d) inform the parole supervisor immediately on arrest or on being questioned by the police;

(e) at all times carry the absence permit and the identity card provided by the releasing authority and produce them on request for identification to any peace officer or parole supervisor;

(f) report to the police if and as instructed by the releasing authority;

(g) return to the penitentiary from which the offender was released on the date and at the time provided for in the absence permit;

(h) not own, possess or have the control of any weapon, as defined in section 2 of the Criminal Code, except as authorized by the parole supervisor.

Exhibit."C" to the Affidavit of Karen Shai —
ss. 753.3(1) of the 2013 *Criminal Code*

THIS IS EXHIBIT .............. "C" ............... TO THE

AFFIDAVIT OF ...... Karen Shai ..........

SWORN BEFORE ME

THIS ...... 15ᵗʰ ...... DAY OF ...... May ...... 20..15..

A Commissioner, etc.



Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 753.3

[eff since July 2, 2008](Current Version)

**Criminal Code**

**R.S.C. 1985, c. C-46**

**PART XXIV**
**DANGEROUS OFFENDERS AND LONG-TERM OFFENDERS**

**Dangerous Offenders and Long-Term Offenders**

**SECTION 753.3**

*Breach of long-term supervision*

753.3 (1) An offender who, without reasonable excuse, fails or refuses to comply with long-term supervision is guilty of an indictable offence and liable to imprisonment for a term not exceeding 10 years.

*Where accused may be tried and punished*

(2) An accused who is charged with an offence under subsection (1) may be tried and punished by any court having jurisdiction to try that offence in the place where the offence is alleged to have been committed or in the place where the accused is found, is arrested or is in custody, but if the place where the accused is found, is arrested or is in custody is outside the province in which the offence is alleged to have been committed, no proceedings in respect of that offence shall be instituted in that place without the consent of the Attorney General of that province.

```
                      ** Editor's Table **

      Provision      Changed by      In force     Authority

      753.3          1997 c17 s4     1997 Aug 1   SI/97-84
      753.3          2008 c6 s46     2008 Jul 2   SI/2008-34
                           *****
```

*S.C. 1997, c. 17, s. 4; S.C. 2008, c. 6, s. 46.*

Exhibit "D" to the Affidavit of Karen Shai –
Current Information
(issued on April 29/15)

THIS IS EXHIBIT ........"D".......... TO THE

AFFIDAVIT OF ...Karen Shai...

SWORN BEFORE ME

THIS ...15ᵗʰ... DAY OF ...May... 2015

.....................................................

A Commissioner, etc.

KINGSTON POLICE FORCE
CC#: 13-14399 Inv.Off.:175

CANADA
PROVINCE OF ONTARIO
PROVINCE DE L'ONTARIO
EAST REGION
(Region / Région)

REPLACE INFO - 2 / WARRANT    Police Case ID#: 5342

Information of
Dénonciation de : Patti Loyst #958
of THE CITY OF KINGSTON                    PEACE OFFICER
de                                      (occupation / profession)

The Informant says that he/she believes on reasonable grounds that
Le dénonciateur déclare qu'il a des motifs raisonnables de croire que

**15-6933W**

(1) FROUDE, Kenneth Wayne   DOB:        1968.
PORTSMOUTH CCC 1455 BATH RD, KINGSTON, ON

COUNT 1

Kenneth Wayne FROUDE

on or about the 18th day of May in the year 2013 at the City of Kingston in the East
Region did, being required to be supervised by an order made under paragraph 753.1 (3)
(b) of the Criminal Code made by the Ontario Superior Court of Justice on May 16,
2008, for a period of ten years from his Warrant expiry date, pursuant to Section
753.1(3)(b) of the Criminal Code did, without reasonable excuse, fail or refuse to
comply with that order, namely to reside at a specific place - must reside at a
community correctional centre or a community-based residential facility approved by
the Correctional Service of Canada, contrary to Section 753.3, subsection (1) of the
Criminal Code of Canada.

COUNT 2 AND FURTHER THAT

Kenneth Wayne FROUDE

between the 18th day of May in the year 2013 and the 11th day of December in the year
2013 at the City of Kingston in the East Region did, being required to be supervised
by an order made under paragraph 753.1 (3) (b) of the Criminal Code made by the
Ontario Superior Court of Justice on May 16th, 2008, for a period of ten years from
his Warrant expiry date, pursuant to Section 753.1(3)(b) of the Criminal Code did,
without reasonable excuse, fail or refuse to comply with such order, namely remain at
all times in Canada within the territorial boundaries fixed by your parole supervisor,
contrary to Section 753.3, subsection (1) of the Criminal Code of Canada.

Continued....

CERTIFIED TO BE A TRUE AND
CORRECT COPY OF THE ORIGINAL
COPIE AUTHENTIQUE CERTIFIÉE
ET CONFORME À L'ORIGINAL

RECORD CUSTODIAN
ONTARIO COURT OF JUSTICE
COUR DE JUSTICE DE L'ONTARIO

Locked Down Date: April 28, 2015 02:28 PM

g Form – One or More Accused. / Formule Intégrale – Un ou plusieurs acc.)
-2-000-4 (rev. 09/13) CSD

COUNT 3 AND FURTHER THAT

Kenneth Wayne FROUDE

on or about the 18th day of May in the year 2013 at the City of Kingston in the East Region did, being required to be supervised by an order made under paragraph 753.1 (3) (b) of the Criminal Code made by the Ontario Superior Court of Justice on May 16th, 2008, for a period of ten years from his Warrant expiry date, pursuant to Section 753.1(3)(b) of the Criminal Code did, without reasonable excuse, fail or refuse to comply with such order, namely obey the law and keep the peace, contrary to Section 753.3, subsection (1) of the Criminal Code of Canada.

COUNT 4 AND FURTHER THAT

Kenneth Wayne FROUDE

between the 18th day of May in the year 2013 and the 31st day of May in the year 2013 at the City of Kingston in the East Region did, having been served with a Notice Of Obligation To Comply With Sex Offender Information Registration Act under Section 490.019 of the Criminal Code dated December 14th, 2005, fail, without reasonable excuse, to comply with that notice by failing to report as required in the said notice, contrary to Section 490.031, subsection (1) of the Criminal Code of Canada.

No. of Information / N° de la dénonciation
**15-6933W**

Return Date / Date à laquelle le document est rapporté
, 20

INFORMATION Against / DÉNONCIATION visant
FROUDE,Kenneth Wayne

Address / Adresse
PORTSMOUTH CECC 1455 BATH RD
KINGSTON, ON

CHARGE / ACCUSATION
FAIL TO COMPLY WITH LONG-TERM SUPERVISION ORDER
FAIL TO COMPLY WITH LONG-TERM SUPERVISION ORDER
FAIL TO COMPLY WITH LONG-TERM SUPERVISION ORDER
See to front page of information for remaining counts
Occ# 13-14539

FOR ADMINISTRATIVE PURPOSES ONLY
À DES FINS ADMINISTRATIVES SEULEMENT

- ☐ Summons / Sommation
- ☐ Show Cause / Audience de justification
- ☐ Warrant 1st instance / Mandat en 1re instance
- ☐ Re-laid Information / Dénonciation déposée de nouveau

- ☐ Reportable M.V. Offence (H.T.A. 199) / Infraction V.M. à déclarer (Code de la route 199)
- ☐ C.V.O.R.No (Commercial Vehicles Only) / Numéro C.E.C.V.U. (véhicules utilitaires seulement)

Sex / Sexe: M
Birth Date / Date de naissance — Day / Jour | Month / Mois | Year / Année 1968
Was defendant owner? / La partie défenderesse était-elle propriétaire? ☐ Yes/Oui ☐ No/Non

Driver's License Number / Numéro du permis de conduire
Plate No. / Numéro de plaque ☐ Involves a Collision / Infraction reliée à un accident

Officer / Agent de police
Date Sworn / Date d'assermentation APR 2015
No. / N°
Informant / Dénonciateur
Courtroom / Salle d'audience
Room:
Div.
Dist.

AI/A(Au)
ONTARIO COURT OF JUSTICE
279 WELLINGTON ST., KINGSTON, ON

☐ Language Notification Issued / Langue de notification
☐ Interpreter / Interprète

**APPEARANCES – ADJOURNMENTS**
*COMPARUTIONS – AJOURNEMENTS*

Page "A"

| Date Date | Accused Accusé(e) | Adjournment Ajournement | Parties Consent Consentement des parties | Appearance Details Détails de la comparution | Reason for Adjournment Raison de l'ajournement | Counsel/as Agent Avocat(e)/mandataire | Fails to Appear Omet de comparaître | Bench Warrant Mandat du tribunal | Discretion Discretion | Certificate of Default Certificat de défaut |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |

| Date Date | Clerk Greffier | Reporter Sténographe | For Crown Pour la Couronne | For Accused Pour l'accusé(e) | Justice's Initials Initiales du juge |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Accused / Accusé(e)

Notice Given Under H.T.A.
*Avis en vertu du Code de la route*

☐ Suspension *Suspension*   ☐ Impoundment *Mise en fourrière*

Accused / Accuse(e):

515(9.1) Detained in custody primarily because of a previous conviction
*Détention sous garde fondée principalement sur une condamnation antérieure* Oui   Yes ☐   No ☐   *Non*   Date : ____ *Date :*

Confirmed and initialled by the Judge/Justice of the Peace in the appropriate box above /
*Confirmé et paraphé par un(e) juge/juge de paix dans la case appropriée ci-haut*

At the Bail Review dated: _____ , 515(9.1) was   ☐ confirmed   ☐ rescinded   ☐ made (see application)
*Au moment de la révision du cautionnement, le :* _____ , 515 (9.1) a été   *confirmé*   *révoqué*   *exécuté (voir la requête)*

Accused / Accuse(e):

515(9.1) Detained in custody primarily because of a previous conviction
*Détention sous garde fondée principalement sur une condamnation antérieure* Oui   Yes ☐   No ☐   *Non*   Date : ____ *Date :*

Confirmed and initialled by the Judge/Justice of the Peace in the appropriate box above /
*Confirmé et paraphé par un(e) juge/juge de paix dans la case appropriée ci-haut*

At the Bail Review dated: _____ , 515(9.1) was   ☐ confirmed   ☐ rescinded   ☐ made (see application)
*Au moment de la révision du cautionnement, le :* _____ , 515 (9.1) a été   *confirmé*   *révoqué*   *exécuté (voir la requête)*

Accused / Accuse(e):

515(9.1) Detained in custody primarily because of a previous conviction
*Détention sous garde fondée principalement sur une condamnation antérieure* Oui   Yes ☐   No ☐   *Non*   Date : ____ *Date :*

Confirmed and initialled by the Judge/Justice of the Peace in the appropriate box above /
*Confirmé et paraphé par un(e) juge/juge de paix dans la case appropriée ci-haut*

At the Bail Review dated: _____ , 515(9.1) was   ☐ confirmed   ☐ rescinded   ☐ made (see application)
*Au moment de la révision du cautionnement, le :* _____ , 515 (9.1) a été   *confirmé*   *révoqué*   *exécuté (voir la requête)*

Exhibit "E" to the Affidavit of Karen Shai –
Arrest Warrant

THIS IS EXHIBIT .................. "E" .......... TO THE

AFFIDAVIT OF ..... Karen  Shai .......

SWORN BEFORE ME

THIS ... 15th ..... DAY OF .. May ...... 20.15.

..............................................................

A Commissioner, etc.

GSTON POLICE FORCE   *Myuuw Cuyupr 15*   Police Case ID: 5342

# WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING HOUSE
## *MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*

OCC#:13-14399   *13.14399*   *Sgt B Brooter*   *Not Endorse Cl*

CANADA   *X-ref 13 15545*   *DNst Bm'Comick*   Form / Formule 7
PROVINCE OF ONTARIO   Sections / Articles 475, 493, 597, 800, and 1 et 803
*PROVINCE DE L'ONTARIO*   of the Criminal Code / du Code criminel

EAST REGION   To the peace officers in the said Region and in the Province of Ontario:
(Region/Région)   *Aux agents de la paix dans ladite région et dans la province de l'Ontario:*   15-6933W
   Case/File No./ N° du cas/dossier

This warrant is issued for the arrest of   FROUDE, Kenneth Wayne   1968
*Le présent mandat est décerné pour l'arrestation de*   (date of birth / date de naissance)

UNKNOWN   of the   of   KINGSTON
(occupation / profession)   du(de la)   de

in the   COUNTY   of   FRONTENAC   , hereinafter called the accused.
dans le(la)   de   *ci-après appelé(e) le prévenu.*

WHEREAS the accused has been charged that he/she;
*ATTENDU QUE le prévenu a été inculpé d'avoir;*

COUNT 1

between the 18th day of May in the year 2013 and the 31st day of May in the year 2013 at the City of Kingston in the East Region did, having been served with a Notice Of Obligation To Comply With Sex Offender Information Registration Act under Section 490.019 of the Criminal Code dated December 14th, 2005, fail, without reasonable excuse, to comply with that notice by failing to report as required in the said notice, contrary to Section 490.031, subsection (1) of the Criminal Code of Canada.

*753.3 (1) X3*

Certified a True Copy
*Pour copie conforme*

AND WHEREAS ~~Appendix "A" attached)~~   *Kendra Pacheco*
*ET ATTENDU QUE :*   REGISTRAR at Kingston

(a)   there are reasonable grounds to believe that it is necessary in the public interest to issue this warrant for the arrest of the accused (507(4), 512(1));
*il existe des motifs raisonnables de croire qu'il est nécessaire dans l'intérêt public de décerner ce mandat pour l'arrestation du prévenu (507(4), 512(1));*

(b)   the accused failed to attend court in accordance with the summons served upon him/her (512(2));
*le prévenu a omis d'être présent au tribunal en conformité avec la sommation qui lui a été signifiée (512(2));*

(c)   (an appearance notice or a promise to appear or a recognizance entered into before an officer in charge) was confirmed and the accused failed to attend court in accordance therewith (512(2));
*(une citation à comparaître ou une promesse de comparaître ou un engagement contracté devant un fonctionnaire responsable) a été confirmé(e) et le prévenu a omis d'être présent au tribunal en conformité avec cette citation ou promesse ou cet engagement (512(2));*

(d)   it appears that a summons cannot be served because the accused is evading service (512(2));
*il semble qu'une sommation ne peut être signifiée car le prévenu se soustrait à la signification (512(2));*

(e)   the accused was ordered to be present at the hearing of an application for a review of an order made by a justice and did not attend the hearing (520(5), 521(5));
*il a été ordonné au prévenu de se présenter à l'audience d'une requête pour l'examen d'une ordonnance rendue par un juge et il ne s'y est pas présenté (520(5), 521(5));*

(f)   there are reasonable grounds to believe that the accused has contravened or is about to contravene the (summons or appearance notice or promise to appear or undertaking or recognizance) on which he was released (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que le prévenu a violé ou est sur le point de violer (sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement) en raison duquel ou de laquelle il a été mis en liberté (524(1), 525(5), 679(6));*

(g)   there are reasonable grounds to believe that the accused has since his/her release from custody on (any summons or appearance notice or promise to appear or an undertaking or a recognizance) committed an indictable offence (524(1), 525(5), 679(6));
*il y a des motifs raisonnables de croire que, depuis sa mise en liberté sur (toute sommation ou citation à comparaître ou promesse de comparaître ou une promesse ou un engagement), le prévenu a commis un acte criminel (524(1), 525(5), 679(6));*

* Initial applicable recital.
*Parapher l'attendu qui s'applique.*

Locked Down Date: April 28, 2015 02:30 PM
CCO-7-475-1 (rev. 07/04) (posted 13/08/04)   INCHARGE (1204)



**WARRANT FOR ARREST WITH OPTIONAL AUTHORIZATION TO ENTER A DWELLING HOUSE**
*MANDAT D'ARRESTATION AVEC AUTORISATION FACULTATIVE D'ENTRER DANS UNE MAISON D'HABITATION*

Form / *Formule* 7
Sections / *Articles* 475, 493, 597, 800, and / *et* / *et* 803
of the *Criminal Code* / *du Code criminel*

(h) the accused was required by (an appearance notice *or* a promise to appear *or* a recognizance entered into before an officer in charge *or* a summons) to attend at a time and place stated therein for the purposes of the *Identification of Criminals Act* and did not appear at the time and place (502, 510);
*le prévenu devait en vertu (d'une citation à comparaître ou d'une promesse de comparaître ou d'un engagement contracté devant un fonctionnaire responsable ou une sommation) comparaître aux temps et lieu y indiqués aux fins de la Loi sur l'identification des criminels et a omis de comparaître aux temps et lieu ainsi indiqués (502, 510);*

(i) an indictment has been found against the accused and the accused has not appeared or remained in attendance before the court for his trial (597);
*un acte d'accusation a été présenté contre le prévenu et celui-ci n'a pas comparu ou n'est pas demeuré présent pour son procès (597);*

(j) **

THIS IS THEREFORE, to command you, in Her Majesty's name, forthwith to arrest the said accused and to bring him/her before the presiding Justice/Judge of the Superior Court of Justice/Ontario Court of Justice*** of the said Region or before me or any Justice in and for the said Region, to answer to the said charge.
*IL VOUS EST PAR LES PRÉSENTES enjoint, au nom de Sa Majesté, d'arrêter ledit prévenu et de l'amener devant le juge de paix ou juge président de la Cour supérieure de justice/Cour de justice de l'Ontario*** de ladite région ou devant moi ou tout juge de paix dans et pour ladite région, pour répondre à ladite inculpation.*

DATED this ___29___ day of ___APRIL___ yr. ___2015___
*FAIT ce* ___ *jour de* ___ *an* ___

at the ___CITY___
*à(au)*

of ___KINGSTON___
*de*

in the Province of Ontario / *dans la province de l'Ontario*

C. E. Hickling
Judge, or Justice of the Peace / *Juge ou juge de paix*
Justice of the Peace
Province of Ontario

** For any case not covered by recitals (a) to (j), insert recital in the words of the statute authorizing the warrant.
*Pour toute cas qui n'est pas couverte par les attendus a) à j), insérez l'attendu en empruntant les termes de la loi autorisant le mandat.*

*** Choose applicable recital.
*Choisir l'attendu qui s'applique.*

Confirmed as issued out of
the Superior Court of
Justice
April 30/15.

Mr. Justice Gary W. Tranmer

CCO-7-475-1 (rev. 07/04) (posted 13/08/04)   *inCHARGE* (12/04)

Appendix "A"
(FROUDE, Kenneth Wayne) Page 1

COUNT 2 AND FURTHER THAT

On or about the 18th day of May in the year 2013 at the City of Kingston in the East Region did, being required to be supervised by an order made under paragraph 753.1 (3) (b) of the Criminal Code made by the Ontario Superior Court of Justice on May 16, 2008, for a period of ten years from his Warrant expiry date, pursuant to Section 753.1(3)(b) of the Criminal Code did, without reasonable excuse, fail or refuse to comply with that order, namely to reside at a specific place - must reside at a community correctional centre or a community-based residential facility approved by the Correctional Service of Canada, contrary to Section 753.3, subsection (1) of the Criminal Code of Canada.

COUNT 3 AND FURTHER THAT

Between the 18th day of May in the year 2013 and the 11th day of December in the year 2013 at the City of Kingston in the East Region did, being required to be supervised by an order made under paragraph 753.1 (3) (b) of the Criminal Code made by the Ontario Superior Court of Justice on May 16th, 2008, for a period of ten years from his Warrant expiry date, pursuant to Section 753.1(3)(b) of the Criminal Code did, without reasonable excuse, fail or refuse to comply with such order, namely remain at all times in Canada within the territorial boundaries fixed by your parole supervisor, contrary to Section 753.3, subsection (1) of the Criminal Code of Canada.

COUNT 4 AND FURTHER THAT

On or about the 18th day of May in the year 2013 at the City of Kingston in the East Region did, being required to be supervised by an order made under paragraph 753.1 (3) (b) of the Criminal Code made by the Ontario Superior Court of Justice on May 16th, 2008, for a period of ten years from his Warrant expiry date, pursuant to Section 753.1(3)(b) of the Criminal Code did, without reasonable excuse, fail or refuse to comply with such order, namely obey the law and keep the peace, contrary to Section 753.3, subsection (1) of the Criminal Code of Canada.

Exhibit "F" to the Affidavit of Karen Shai –
ss. 348(1)(b), 264.1, 272((1) and (2) of the 2004 *Criminal Code*

THIS IS EXHIBIT ................ "*F*" ........ TO THE

AFFIDAVIT OF ... *Karen   Shai*

SWORN BEFORE ME

THIS ... *15ᵗʰ* ..... DAY OF ... *May* ... 20. *15*

....................................................

A Commissioner, etc.

Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 348

[eff since June 16, 1997](Current Version)

**Criminal Code**

**R.S.C. 1985, c. C-46**

**PART IX**
**OFFENCES AGAINST RIGHTS OF PROPERTY**

**Breaking and Entering**

**SECTION 348.**

*Breaking and entering with intent, committing offence or breaking out*

348. (1) Every one who

    (a) breaks and enters a place with intent to commit an indictable offence therein,

    (b) breaks and enters a place and commits an indictable offence therein, or

    (c) breaks out of a place after

        (i) committing an indictable offence therein, or

        (ii) entering the place with intent to commit an indictable offence therein,

is guilty

    (d) if the offence is committed in relation to a dwelling-house, of an indictable offence and liable to imprisonment for life, and

    (e) if the offence is committed in relation to a place other than a dwelling-house,

Page 2

of an indictable offence and liable to imprisonment for a term not exceeding ten years or of an offence punishable on summary conviction.

*Presumptions*

(2) For the purposes of proceedings under this section, evidence that an accused

    (a) broke and entered a place or attempted to break and enter a place is, in the absence of evidence to the contrary, proof that he broke and entered the place or attempted to do so, as the case may be, with intent to commit an indictable offence therein; or

    (b) broke out of a place is, in the absence of any evidence to the contrary, proof that he broke out after

        (i) committing an indictable offence therein, or

        (ii) entering with intent to commit an indictable offence therein.

*Definition of "place"*

(3) For the purposes of this section and section 351, "place" means

    (a) a dwelling-house;

    (b) a building or structure or any part thereof, other than a dwelling-house;

    (c) a railway vehicle, a vessel, an aircraft or a trailer; or

    (d) a pen or an enclosure in which fur-bearing animals are kept in captivity for breeding or commercial purposes.

```
          ** Editor's Table **

  For changes prior to Editor's Tables, please see other
```

sources for in force information.

| Provision | Changed by | In force | Authority |
|---|---|---|---|
| 348(1)(part) | 1997 c18 s20 | 1997 Jun 16 | SI/97-68 |
| 348(1)(d) | 1997 c18 s20 | 1997 Jun 16 | SI/97-68 |
| 348(1)(e) | 1997 c18 s20 | 1997 Jun 16 | SI/97-68 |

*****

*R.S.C. 1985, c. C-46, s. 348; R.S.C. 1985, c. 27 (1st Supp.), s. 47; S.C. 1997, c. 18, s. 20.*

Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 264.1

[eff since February 15, 1995](Current Version)

# Criminal Code

## R.S.C. 1985, c. C-46

**PART VIII**

**OFFENCES AGAINST THE PERSON AND REPUTATION**

**Assaults**

**SECTION 264.1**

*Uttering threats*

264.1 (1) Every one commits an offence who, in any manner, knowingly utters, conveys or causes any person to receive a threat

    (a) to cause death or bodily harm to any person;

    (b) to burn, destroy or damage real or personal property; or

    (c) to kill, poison or injure an animal or bird that is the property of any person.

*Punishment*

(2) Every one who commits an offence under paragraph (1)(a) is guilty of

    (a) an indictable offence and liable to imprisonment for a term not exceeding five years; or

    (b) an offence punishable on summary conviction and liable to imprisonment for a term not exceeding eighteen months.



Page 2

*Idem*

(3) Every one who commits an offence under paragraph (1)(b) or (c)

    (a) is guilty of an indictable offence and liable to imprisonment for a term not exceeding two years; or

    (b) is guilty of an offence punishable on summary conviction.

*R.S.C. 1985, c. 27 (1st Supp.), s. 38; S.C. 1994, c. 44, s. 16.*

Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 272

[eff January 1, 1996 to April 30, 2008](Past Version)

## Criminal Code

## R.S.C. 1985, c. C-46

### PART VIII OFFENCES AGAINST THE PERSON AND REPUTATION

#### Assaults

**SECTION 272.**

*Sexual assault with a weapon, threats to a third party or causing bodily harm*

272. (1) Every person commits an offence who, in committing a sexual assault,

    (a) carries, uses or threatens to use a weapon or an imitation of a weapon;

    (b) threatens to cause bodily harm to a person other than the complainant;

    (c) causes bodily harm to the complainant; or

    (d) is a party to the offence with any other person.

*Punishment*

(2) Every person who commits an offence under subsection (1) is guilty of an indictable offence and liable

    (a) where a firearm is used in the commission of the offence, to imprisonment for a term not exceeding fourteen years and to a minimum punishment of imprisonment for a term of four years; and

(b) in any other case, to imprisonment for a term not exceeding fourteen years.

```
                    ** Editor's Table **

   For changes prior to Editor's Tables, please see other
   sources for in force information.

   Provision      Changed by      In force      Authority

   272            1995 c39 s145   1996 Jan 1    SI/96-2
                         *****
```

*R.S.C. 1985, c. C-46, s. 272; S.C. 1995, c. 39, s. 145.*

Exhibit "G" to the Affidavit of Karen Shai –
May 5, 2008, Decision Designating Mr. Froude a Long-Term Offender

THIS IS EXHIBIT ............... " G " ............... TO THE

AFFIDAVIT OF .... Karen  Shai

SWORN BEFORE ME

THIS ....... 15th ... DAY OF ... May ...... 20.15

A Commissioner, etc.

66

COURT FILE NO.: 13525
DATE:  May 05, 2008

ONTARIO

SUPERIOR COURT OF JUSTICE

B E T W E E N:                              )

HER MAJESTY THE QUEEN          )  G. Beasley for the Crown
                                            )
                                            )
                                            )
                                            )
- and -                                     )
                                            )
KENNETH WAYNE FROUDE          )  C. F. McLean the accused
                                            )
                                            )
                                            )
                                            )  HEARD:  April 15, 2008

RADY J.

**Overview**

[1]     On March 9, 2006, Mr. Froude was convicted by a jury of breaking and entering a dwelling house and committing sexual assault; of threatening bodily harm; and of using a weapon in committing sexual assault contrary to ss. 348(1)(b), 264.1(2) and 272(2) of the *Criminal Code of Canada* respectively.

[2]     Following the convictions, the Crown advised the court that it intended to bring an application to have Mr. Froude declared a long term offender pursuant to s. 753.1 of the *Code*.  Mr. Froude was remanded for an assessment, which was conducted by Dr. Stephen J. Hucker on May 4, 2007 pursuant to s. 752.1 of the *Code*.

[3]     There was a considerable delay before the consent of the Attorney General was secured, given the intervention of the provincial election and the application was finally formally commenced on January 22, 2008.

- 2 -

67

[4]    There was a delay, as well, in receiving Dr. Hucker's report, occasioned by the relocation of his practice.

**The Statutory Provisions**

[5]    The relevant sections of the *Criminal Code of Canada* provide as follows:

s. 753.1

APPLICATION FOR FINDING THAT AN OFFENDER IS A LONG-TERM OFFENDER.   Substantial risk / If offender found to be long-term offender / Exception – if application made after sentencing / Exception – life sentence / Exception to length of supervision where new declaration / If offender not found to be long-term offender.

753.1(1)  The court may, on application made under this Part following the filing of an assessment report under subsection 752.1(2), find an offender to be a long-term offender if it is satisfied that

(a)  it would be appropriate to impose a sentence of imprisonment of two year or more for the offence for which the offender has been convicted;

(b) there is a substantial risk that the offender will reoffend; and

(c) there is a reasonable possibility of eventual control of the risk in the community;

(2)   The court shall be satisfied that there is a substantial risk that the offender will reoffend if

(a) the offender has been convicted of an offence under section 151 (sexual interference), 152 (invitation to sexual touching) or 153 (sexual exploitation), subsection 163.1(2) (making child pornography), subsection 163.1(3) (distribution, etc., of child pornography), subsection 163.1(4) (possession of child pornography), subsection 163.1(4.1) (accessing child pornography), section 172.1 (luring a child), subsection 173.2 (exposure) or section 271 (sexual assault) 272 (sexual assault with weapon) or 273 (aggravated sexual assault), or has engaged in serious conduct of a sexual nature in the commission of another offence of which the offender has been convicted; and

(b) the offender

(i)  has shown a pattern of repetitive behaviour, of which the offence for which he or she has been convicted forms a part, that shows a likelihood of the offender's causing death or injury

68

> to other persons or inflicting severe psychological damage on other persons, or
>
> (ii) by conduct in any sexual matter including that involved in the commission of the offence for which the offender has been convicted, has shown a likelihood of causing injury, pain or other evil to other persons in the future through similar offences.
>
> (3) Subject to subsections (3.1), (4) and (5), if the court finds an offender to be a long-term offender, it shall
>
> (a) impose a sentence for the offence for which the offender has been convicted, which sentence must be a minimum punishment of imprisonment for a term of two years; and
>
> (b) order the offender to be supervised in the community, for a period not exceeding ten years, in accordance with section 753.2 and the *Corrections and Conditional Release Act.*

## Analysis

[6]    For the reasons that follow, I am satisfied that the Crown has established the requirements set out in s. 753.1. In particular, I am satisfied that:

> (i)   it would be appropriate to impose a sentence of two years or more for the offences for which Mr. Froude has been convicted;
>
> (ii)  there is a substantial risk that he will offend; and
>
> (iii) there is a reasonable possibility of eventual control of the risk in the community.

[7]    Turning to the first criterion, given the serious nature of the offences for which Mr. Froude was convicted and, in particular, the use of a knife in the commission of a sexual assault, there is no question that a sentence of two years or more is warranted. There are several aggravating factors relevant to the issue of sentence, including his very lengthy criminal record and the fact that he has been convicted of other incidents of sexual misconduct. Mr. Froude has been sentenced for another sexual assault to four years in penitentiary.

- 4 -

69

[8]   On the issue of risk of reoffending, s. 753.1(2) mandates that a court shall be satisfied that there is a substantial risk of reoffending, first if the offender has been convicted of certain enumerated offences. Mr. Froude has been convicted of an offence under s. 272 and, as a result, the criterion at s. 753.1(2)(a) is met.

[9]   Second, the court shall be satisfied that there is a substantial risk of reoffending if the offender has shown a pattern of repetitive behaviour that shows a likelihood that death or injury or severe psychological damage could be caused or inflicted on others. I am satisfied that the Crown has proved s. 753.1(2)(b).

[10]   In this regard, I note that Mr. Froude has three convictions for sexual assaults and two convictions for performing indecent acts. Information regarding the circumstances of these offences was included in transcripts and prosecution summaries filed at the hearing of this application.

[11]   Mr. Froude's first conviction for sexual assault was in 1990. He was being driven home by a co-worker. While in the car, he placed his hand on her thigh and rubbed her genital area. She asked him to stop and he did. He subsequently repeated this behaviour. He was sentenced to two months for this offence.

[12]   In 1997, Mr. Froude was again charged and convicted of sexual assault. The conviction followed a jury trial. On November 4, 1997, Justice Humphrey sentenced Mr. Froude to four years in prison for the offence. Mr. Froude and the victim were friends. She permitted him entry to her home to use the telephone. Mr. Froude came into her bedroom, grabbed her arms, punched her and attempted to undress her. The incident involved oral and vaginal sex. Mr. Froude bound the victim's hands together with his belt and he placed a pillow over her face. Mr. Froude threatened ~~the victim if she were to~~ call police.

- 5 -

[13].  He pleaded guilty to committing an indecent act on January 27, 1998 and was sentenced to 45 days.  He exposed his penis to a female case management officer at Millhaven where he was beginning to serve his sentence for the 1997 conviction.

[14]·  On May 25, 2000, Mr. Froude was convicted following trial of an indecent act. Mr. Froude exposed his penis to a psychologist working at Kingston Penitentiary.  He was sentenced to five months.

[15]   On January 8, 2003, he pleaded guilty to sexual assault.  Mr. Froude was observed by two witnesses attempting to perform oral sex on the victim, who was apparently incapacitated through intoxication. Justice Kennedy accepted a joint submission for time served plus probation.

[16]   There is no doubt that these offences demonstrate a pattern of repetitive behaviour, which if repeated, would likely cause injury or psychological damage to a victim.

[17]   A psychological/psychiatric assessment report from Millhaven Assessment Unit dated January 1, 1998 formed part of the Crown's application for the order for remand and assessment.  It was recommended at that time that Mr. Froude receive treatment in a high intensity sex offender program and he was considered to be a moderate-high risk to re-offend. Mr. Froude has not received any treatment to date, however.

[18]   As already noted, Dr. Hucker conducted an assessment of Mr. Froude pursuant to my order on May 4, 2007.  He prepared a report dated July 19, 2007 and testified at the hearing. Dr. Hucker had Mr. Froude complete several widely used questionnaires, which overall, he thought yielded interpretable results. Dr. Hucker also had both objective information and interview based information to assist him in coming to his conclusions. The former was in the form of the Notice of Application and the exhibits for remand and assessment, a preliminary hearing transcript of the testimony of the victim in the predicate offence, a prosecution summary respecting the predicate offence and a

- 6 -

transcript of the statement given by Mr. Froude to the investigating officer. Dr. Hucker also interviewed Mr. Froude whom he described as cooperative.

[19]   Based on the information available to him, Dr. Hucker considered that Mr. Froude justifies diagnoses of:

- rape proneness
- exhibitionism
- voyeurism
- substance abuse
- anti-social and histrionic personality disorder.

[20]   Using the Psychopathy Checklist Revised, Dr. Hucker concluded that Mr. Froude cannot be regarded as a psychopath. Using the Violence Risk Appraisal Guide ("VRAG"), the Sex Offender Risk Appraisal Guide ("SORAG"), the Static-99 and the SVR-20, Dr. Hucker concluded that Mr. Froude represents a moderate to high risk of sexual recidivism considering both static and dynamic known risk factors. Dr. Hucker acknowledged that the VRAG and SORAG tests are somewhat controversial but he said "for all their flaws, they are all we have". He considered that static risk factors are the most reliable indicators of risk because they cannot change. In his view, Mr. Froude's static risk factors lend support to his risk assessment.

[21]   Dr. Hucker noted that Mr. Froude is not averse to treatment and the fact that he has not received treatment to date leads him to conclude that Mr. Froude is not a "write off". In other words, there is reason for some hope that treatment may be of assistance. In summary, Dr. Hucker thought that there is a reasonable possibility of eventual control of the risk of reoffending in the community.

- 7 -

72

[22]    I find Dr. Hucker's opinion to be persuasive and compelling.  He addressed all of the issues necessary to assist the court in evaluating the criteria set out in s. 753.1 of the *Code*.

[23]    For these reasons, I am satisfied that the Crown has established that Mr. Froude is a long term offender.

Justice H. A. Rady

**Released:**  May 05, 2008

73

COURT FILE NO: 13525

**ONTARIO**
**SUPERIOR COURT OF JUSTICE**

BETWEEN:

HER MAJESTY THE QUEEN

- and -

KENNETH WAYNE FROUDE

_____

**REASONS FOR JUDGMENT**

_____

RADY  J.

Released:  May  5, 2008

Exhibit "H" to the Affidavit of Karen Shai –
May 16, 2008, Sentencing Decision

THIS IS EXHIBIT ..................."H".............TO THE

AFFIDAVIT OF ...Karen...Shai....

SWORN BEFORE ME

THIS .....15th......DAY OF ...May.....20.15

..............................................................

A Commissioner, etc.

Court of Appeal No. C48856

SUPERIOR COURT OF JUSTICE

HER MAJESTY THE QUEEN

v.

KENNETH WAYNE FROUDE

**********

R E A S O N S   F O R   S E N T E N C E

OF THE HONOURABLE MADAM JUSTICE H.A. RADY
on Friday, May 16, 2008, at LONDON, Ontario

**********

CHARGES: S.348(1)(b) C.C.- Break and enter and commit
S.264.1(2) C.C. - Uttering threats
S.272(2) C.C. - Sexual assault with a weapon

**********

APPEARANCES:

Mr. G.A. Beasley                          Counsel for the Crown

Mr. C. McLean                    Counsel for Kenneth Wayne Froude

1.
R. v. Kenneth Froude
Reasons for Sentence - Rady, J.

## R E A S O N S   F O R   S E N T E N C E

RADY, J. (Orally):

These are my reasons for sentence:

Mr. Froude was convicted of break and enter to commit sexual assault, sexual assault with a weapon and threatening.   In reasons delivered earlier, I found Mr. Froude to be a long term offender.   The outstanding issues today are the appropriate sentence for Mr. Froude and the length of the supervision order made pursuant to the long term offender designation.

In respect of the latter, I agree with the Crown's submission, that given the nature of this offence and the nature of this offender, Mr. Froude's prior convictions for sexual assault and other sexual improprieties and Dr. Hucker's opinion, it is appropriate that Mr. Froude be supervised for a period of 10 years.

Turning to sentence, I have considered the governing principles of sentence, including general and specific deterrence, the safety of the public, balanced against the possibility of Mr. Froude's rehabilitation.   Mr. Froude has acknowledged, I believe, that he requires therapeutic assistance by saying that he recognizes that he must be cooperative.

2.

## Reasons for Sentence - Rady, J.

Mr. Froude has served a great deal of time in pretrial custody, 1,344 days at the time that sentencing submissions were made. He is to be given credit for this time in accordance with what might be termed the usual tariff of two for one, recognizing that the time in pretrial custody is onerous given the lack of programs designed to assist the offender and the conditions existing in detention facilities. I cannot accede to Mr. Beasley's suggestion that some of the time served should be treated differently.

This offence was particularly frightening for the victim. She was at home alone, entitled to think that she was safe in the security of her home. Mr. Froude's actions that night has robbed her of that feeling of safety and security as her Victim Impact Statement attests. Indeed, this scenario is any woman's worst nightmare and all the more so, because it appears that Ms. ▊▊▊▊▊ was someone who Mr. Froude had met on several prior occasions. I find it difficult to accept Mr. Froude's contention that it was a mere coincidence that it was her home he chose to break and enter.

Mr. Froude has an extremely long criminal record and a substantial record for sexual assaults, the details of which I reviewed in my reasons for the long term offender designation. The assaults involved women who were not strangers to him and so it adds force to the inference that this was also a targeted attack.

3.
### Reasons for Sentence - Rady, J.

Mr. Froude requires treatment and in the circumstances, I cannot agree with Mr. McLean that time served is the appropriate disposition.

Mr. Froude, please stand. Considering all of the foregoing, I am of the view that the appropriate sentence, giving Mr. Froude credit for his time in pretrial and pre-sentence custody, is a further 30 months. Is there anything further, counsel?

MR. BREASLEY:   I would ask that Your Honour endorse that be concurrent on each of the three charges of which he was convicted.

THE COURT:  Thank you.

MR. BEASLEY:  There is a DNA Order which we ask be made.   It may not be necessary to execute that order, but that will be determined by the correctional authorities and there be a lifetime weapons prohibition under Section 109.

THE COURT:  Mr. McLean, anything on that?

MR. MCLEAN:  No.

THE COURT:  Thank you.  I will ensure that I make that endorsement.

MR. BEASLEY:  And I think - actually, I spoke to the correctional authorities and there is a, I'm sure Your Honour has it, a comprehensive memorandum which they ask be completed...

THE COURT:  Yes.

MR. BEASLEY:  ...with orders, transfers, reports and everything that Your Honour has had available to her, be forwarded to them.  I've actually already provided them with the same materials I've provided to the Court, but they like to receive that from the Court as well.

4.
Reasons for Sentence - Rady, J.

THE COURT:  All right.  Thank you.

MR. BEASLEY:  Thank you very much, Your Honour.

MR. MCLEAN:  Thank you, Your Honour.


**********



5.

Certification

FORM 2

CERTIFICATE OF TRANSCRIPT (SUBSECTION 5(2))

I, CHRISTINE BRYANT, certify that this document is a true
and accurate transcript of the recording of Her Majesty
the Queen v. Kenneth Wayne Froude of the Superior Court of
Justice, 80 Dundas Street, London, Ontario taken from
recording no. 100/08, which has been certified in Form 1.

July 14, 2008
_____          _____
        (Date)                    CHRISTINE BRYANT

PHOTOSTATIC COPIES OF THIS TRANSCRIPT ARE NOT CERTIFIED
AND HAVE NOT BEEN PAID FOR UNLESS THEY BEAR THE ORIGINAL
SIGNATURE OF CHRISTINE BRYANT, AND ACCORDINGLY ARE IN
DIRECT VIOLATION OF ONTARIO REGULATIONS 587/91,
ADMINISTRATION OF JUSTICE ACT, JANUARY 1, 1990.

Transcript Ordered:  May 22, 2008

Transcript Completed:  June 4, 2008

Transcript Delivered:  June 14, 2008

Exhibit "I" to the Affidavit of Karen Shai —
April 21, 2009, Decision of the Ontario Court of Appeal

THIS IS EXHIBIT ............ " I " ........ TO THE

AFFIDAVIT OF ..... Karen Shai .......

SWORN BEFORE ME

THIS ..... 15th .... DAY OF ... May ..... 20 15

.....................................................
A Commissioner, etc.



C48856

## COURT OF APPEAL FOR ONTARIO

THE HONOURABLE JUSTICE MACPHERSON  ) TUESDAY the 21st
                  )
THE HONOURABLE JUSTICE CRONK    ) DAY OF
                  )
THE HONOURABLE JUSTICE LAFORME   ) APRIL, A.D. 2009



**IN THE MATTER OF KENNETH WAYNE FROUDE,** convicted and sentenced the City of London on the 9th day of March 2007, and the 16th day of May 2008 by the Honourable Justice Rady for the offences of: Break Enter and Commit Sexual Assault; Threaten Bodily Harm; Commit Sexual Assault with a Weapon;

**THIS APPLICATION FOR LEAVE TO APPEAL** and the **APPEAL** by way of inmate appeal by the above-named against sentence was heard on this day, at Kingston Ontario.

**ON READING** the material filed, on hearing submissions of duty counsel and the appellant, present in the court, and counsel for the Crown,

**THIS COURT ORDERS** that the appeal is dismissed.

ENTERED AT/INSCRIT À TORONTO
ON/BOOK NO:
LE/DANS LE REGISTRE NO:

JUN - 8 2009

PER/PAR:

Signed and entered in the records of this Court this 8th day of June , 2009.

Registrar
COURT OF APPEAL FOR ONTARIO

 

Her Majesty the Queen (Respondent) and Kenneth Wayne FROUDE (Appellant)

Court File No. C48856

Before: MacPherson J.A., Cronk J.A., LaForme J.A.

Date: April 21, 2009

<u>Disposition of Appeal</u>

This is an appeal from the appellant's sentence of 10 years imprisonment for the index offences he was convicted of.  He is not appealing the TJ's finding that he is a LTO.

In our view the TJ gave reasons for what were serious offences with a lasting impact on the victim.  She correctly identified the appropriate sentencing factors, including the appellant's rehabilitative prospects.

We can see no error in her analysis.  The sentence is entirely fit and appropriate for this offender and these offences.

We therefore would dismiss the appeal.

H. S. LaForme J.A.

COURT OF APPEAL FOR ONTARIO

BEFORE MacPHERSON J.A. CRONK J.A. LaForme J.A.

DATE APR 2 1 2009

DISPOSITION OF APPEAL

Court File # C48856

This is an appeal from the aggregate sentence of 10 yrs imprisonment for the index offences he was convicted of. He is not appealing the TJ's finding that he is a LTO.

In our view the TJ gave reasons for what were serious offences with a lasting impact on the victims. He considered the aggravating and mitigating factors including the [illegible] related criminal record.

We can see no error in his analysis. The sentence is a fit and appropriate one for this offender and these offences.

We therefore would dismiss the appeal.

[illegible] J.A.

COURT OF APPEAL FOR ONTARIO

BETWEEN:

HER MAJESTY THE QUEEN

Respondent

- AND -

KENNETH WAYNE FROUDE

Applicant

APPEAL BOOK

MINISTRY OF THE ATTORNEY GENERAL
Crown Law Office -- Criminal
10th Floor
720 Bay Street
Toronto, Ontario
M5G 2K1

Exhibit "J" to the Affidavit of Karen Shai –
March 25, 2011, Guilty Plea Proceedings

THIS IS EXHIBIT ............ "J" ............ TO THE

AFFIDAVIT OF ..... Karen  shai .....

SWORN BEFORE ME

THIS ..... 15th ..... DAY OF ..... May ..... 20.15

.............................................
A Commissioner, etc.

Information # 110301, 110490

ONTARIO COURT OF JUSTICE

HER MAJESTY THE QUEEN

Against

KENNETH FROUDE

*********

G U I L T Y  P L E A

BEFORE THE HONOURABLE JUSTICE S.J. HUNTER

On March 25, 2011, at KINGSTON, Ontario

*********

APPEARANCES:

A. SCOTT                          Counsel for the Crown
J. DILLON                         Counsel for the accused

*********

3 0087 (12/94)

i
R. v. K. Froude

ONTARIO COURT OF JUSTICE

T A B L E   O F   C O N T E N T S

\* \* \* \* \* \* \* \* \* \*

GUILTY PLEA                                    Page 1

\* \* \* \* \* \* \* \* \* \*

E X H I B I T S

EXHIBIT NUMBER                          ENTERED ON PAGE
ONE              Criminal Record              7

\* \* \* \* \* \* \* \* \* \*

Transcript Ordered ........................ January 4, 2012
Transcript Completed ...................... March 16, 2012
Ordering Party Notified ................... March 20, 2012

1

R. v. K. Froude

<u>Friday, March 25, 2011</u>

   THE CLERK OF THE COURT:  Mr. Dillon are we going

to deal with Mr. Froude?

   MR. DILLON:  Mr. Dillon.

5   THE CLERK OF THE COURT:  Yes if we could deal

with him please.

   MR. DILLON:  No I am going to talk with him right

now and then I will come back up.

   THE CLERK OF THE COURT:  That's okay. He's

10 upstairs.

   THE COURT:  We are just waiting for some input

from Mr. Drummond on Mr. Froude.

   THE CLERK OF THE COURT:  Are we going to deal

with it today?

15   THE COURT:  We may. He is just going to find out.

     (Other matters spoken to)

20   THE COURT:  Mr. Dillon what are we doing with Mr.

Froude?

   MR. DILLON:  I spoke with Mr. Drummond and he

indicates that he's agreeable to what we

discussed.

25   THE COURT:  So we are going to deal with it

today.

   MR. DILLON:  I hope so.

   THE COURT:  All right. That's fine. We will

continue and come back to Mr. Dillon.

30

     (Other matters spoken to)

2
R. v. K. Froude

THE COURT:  Okay do you want to get Mr. Froude up here, please and thank you.

(Awaiting accused)

THE CLERK OF THE COURT:  Mr. Froude please stand. Kenneth Wayne Froude you have been charged that on or about the 12th day of November, 2010 at the City of Kingston in the said Region, while bound by an order made by Justice H.A. Ratte of the Ontario Court of Justice the 16th day of May, 2008 for a period of ten years from his warrant expiry date pursuant to s. 753.1(3)(b) of the *Criminal Code* did without reasonable excuse fail or refuse to comply with that order to wit: on release travel directly to your place of residence as set out in your release certificate and report to parole supervisor immediately and thereafter as instructed by your supervisor contrary to s. 753.3(1) of the *Criminal Code of Canada*. How is the Crown proceeding?

MR. SCOTT:  By indictment.

THE CLERK OF THE COURT:  On this charge you have the option to elect --

MR. DILLON:  In this court before His Honour.

THE CLERK OF THE COURT:  Mr. Froude how do you plead to this charge?

MR. FROUDE:  Guilty.

THE CLERK OF THE COURT:  You are further charged Kenneth Wayne Froude that on or about the 14th day of February, 2011 at the City of Kingston, the said east region did while bound by an order made by Justice H.A. Ratte of the Ontario Court of Justice the 16th day of May, 2008 for a period of ten years from his warrant expiry date pursuant to s. 753.1(3)(b) of the *Criminal Code* did without reasonable excuse fail or

1 0087 (12/94)

3
R. v. K. Froude

refuse to comply with the order to wit: obey the law and keep the peace, contrary to section 753.3(1) of the *Criminal Code of Canada*; and further you've been charged in Count three between the dates of the 23rd of January, 2011 and the 15th day of February, 2011 the said Kenneth Wayne Froude, knowing that ███████████ is harassed or being reckless as to whether ███████████ is harassed did without lawful authority engage in threatening conduct directed at ███████████ thereby causing ███████████ to reasonably in all the circumstances fear for her safety, contrary to s. 264(2)(d) of the *Criminal Code of Canada*. How is the Crown proceeding?

MR. SCOTT:  By indictment.

THE CLERK OF THE COURT:  On each of these charges --

MR. DILLON:  In this court before His Honour.

THE CLERK OF THE COURT:  Mr. Froude how do you plead to Count Two?

MR. FROUDE:  Guilty.

THE CLERK OF THE COURT:  And Count Three?

MR. FROUDE:  Guilty.

THE CLERK OF THE COURT:  Thank you. You may take a seat.

THE COURT:  Thank you. As to the facts?

MR. SCOTT:  Yes the accused before the Court was recently as you heard, convicted in London, of break and enter, sexual assault at which point he was put on a Long Term Offender order. The offence occurred in 2004, June 16th and the sentence was imposed on the 16th of May, 2008. His LTSO was to begin on his warrant expiry date which was the 15th of November, 2010. The accused was released at his warrant expiry date on the

4

R. v. K. Froude

12th of November, 2010 because it was - I guess
it was the Friday before the Monday to which he
was to be released. The accused declined to be
accompanied by staff to Portsmouth Community
Correctional Centre on the date his LTSO
commenced which was the 12th of November, 2010.
Instead he issued a taxi chit to take him to PCC;
He had instructions to report there immediately.
He was released to Portsmouth following a
detention while housed at the Kingston
Penitentiary. He was scheduled to arrive at PCCC
on the 12th of November, 2010 at the warrant
expiry date. Prior to his release he'd been
interviewed by case management about the
expectations of his release. Ms. Dana Babcock,
institutional parole officer, confirmed that on
the 30th of November, 2010 that she had discussed
his reporting instructions and affirmed such. Mr.
Froude was only in the community for minutes
before breaching his primary general condition as
follows:

    "(a) on release travel directly to your
    place of residence as set out in your
    release certificate and report to the
    parole supervisor immediately and
    thereafter as instructed by your parole
    supervisor."

Since Mr. Froude refused accompaniment from
Kingston Pen to Portsmouth and considering his
previous behaviours and staff observations, a

1 0087 (12/94)

5

R. v. K. Froude

decision was made to ask police to provide
surveillance. Police provided surveillance as
requested and during the surveillance officers
remained in regular contact with the parole
officer. Mr. Froude did not report directly to
Portsmouth. He was observed getting into a taxi
out front Kingston Pen and subsequently directed
the taxi into downtown Kingston, the opposite
direction of Portsmouth facility. The officers
and the parole officer had concerns surveillance
would be lost because of the traffic so he was
arrested. I believe he was arrested just outside
of the Roots store where he had been taken to in
downtown Kingston. Those are the facts.

THE COURT:  Are the facts admitted?

MR. DILLON:  There admitted Your Honour.

THE COURT:  Believe the facts, a finding of
guilt.

MR. SCOTT:  Again with respect - this offender
was under the same long term offender order that
you recently heard about Your Honour and it was
still in effect. As you've heard he got arrested
on the 12th of November on the release on his
warrant expiry date. And then on the 14th of
February, 2011 at approximately - I should note
that he was being housed at Quinte Detention
Centre on the charge as a result of the breach of
long term offender order from the 12th of
November, 2010. On the 14th of February, 2011 at
approximately 2:40 p.m. the complainant ████████
████████, a corrections officer at the Kingston Pen,
received a collect call at her home. She did not

6

R. v. K. Froude

hear the name of the caller and accepted the call. The call began saying hi ████████. The complainant asked who was calling. The caller said Ken Froude. The complainant recognized the name as a recent release from Kingston Pen and stated that she could not accept the call and hung up. She reports that she has never been contacted outside of work by an inmate. Her number is listed under her legal name – not ████████. Subsequently the complainant contacted both the security intelligence officer and the Kingston police to report the incident. The security intelligence officer advised the complainant that Froude was currently at Quinte Detention and that he made a phone call. The complainant made further reports that Froude had been on her range, upper b, while she was in KP. On or about the 24th of January Froude spoke briefly to the complainant. During this conversation she advised Froude that she had worked there for 12 years. Later that day the complainant observed Froude masturbating in his cell as she walked by. She made no comment and no note of this as she figured it was natural and bad timing. She was unaware of his past history. This incident of the phone call was reported to the Kingston police who submitted a general occurrence. In any event, eventually the appropriate authorities became aware of it and a further charge of breach of his LTO order was made as well as criminal harassment.

THE COURT: Are those facts admitted?

7

R. v. K. Froude

MR. DILLON:  They are Your Honour.

THE COURT:  Believe the facts, finding of guilt.
Other charges remaining are withdrawn I take it?

MR. SCOTT:  Yes thank you.

THE COURT:  A record to tender?

MR. SCOTT:  Yes.

MR. DILLON:  The record is admitted Your Honour.

THE COURT:  The record will be Exhibit One.

THE CLERK OF THE COURT:  Thank you Your Honour.

EXHIBIT NUMBER ONE: Criminal record - Produced
and marked.

THE COURT:  I understand there was a joint
submission?

MR. DILLON:  There is Your Honour.

THE COURT:  It is a joint submission?

MR. SCOTT:  That's correct.

MR. DILLON:  Yes.

THE COURT:  Two years less five months served?

MR. DILLON:  That's right Your Honour.

THE COURT:  Thank you. Stand up Mr. Froude. Given
the record before the court and your status as a
Long Term Offender and the circumstances before
the court, particularly the communication with
Ms. Adema certainly the court is concerned. This
is a serious matter, sir, you have to understand
that a Long Term Offender status is one step away
from a dangerous offender. I have concern for
your contact both immediately upon immediately
upon release and your communication with the
guard. In the circumstances the sentence is a two
year sentence. I will give you credit for one to
one time served - five months; remaining sentence

8
R. v. K. Froude

is 19 months on these charges, concurrent on each
other. Under 753.4 your LTO is suspended until
you have served those sentences. Thank you.

THE CLERK OF THE COURT:   This is a DNA.

MR. SCOTT:  And this would be consecutive to any
- I guess he is already out on his warrant.
That's fine thank you.

THE CLERK OF THE COURT:  The DNA?

MR. SCOTT:  Yes.

THE COURT:  Is it a DNA offence?

THE CLERK OF THE COURT:  Yes if you go indictable
it is.

THE COURT:  He is on the DNA known offender
databank. The order will be made for
administrative purposes; a further sample need
not be taken. Thank you.


\*\*\*\*\*\*\*\*\*\*

9

R. v. K. Froude

FORM 2

CERTIFICATE OF TRANSCRIPT (SUBSECTION 5 (2))

*Evidence Act*

I, we _____ Peggy Shelley _____, certify that
(Please print name of authorized person(s))

this document is a true and accurate transcript of the recording

___ R. v. K. Froude ___ in the ONTARIO COURT OF JUSTICE
(Case name)                              (Name of Court)

held at ___ 279 WELLINGTON ST. KINGSTON ___ taken from Recording No.
(Court address)

0911-3-096/11, which has been certified in Form 1.

___ March 16, 2011 ___
(Date)

_____
(Signature of authorized person(s))

Certificate of Transcript (rev 03/04)

8 0087 (12/94)

Exhibit "K" to the Affidavit of Karen Shai –
ss. 753.3(1) and 264(2)(d) of the 2011 *Criminal Code*

THIS IS EXHIBIT .............. "K" .......... TO THE

AFFIDAVIT OF .... Karen... Shai...

SWORN BEFORE ME

THIS .....15ᵗʰ..... DAY OF ...May....20.15

..........................................................
A Commissioner, etc.



Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 753.3

[eff since July 2, 2008](Current Version)

### Criminal Code

### R.S.C. 1985, c. C-46

### PART XXIV
### DANGEROUS OFFENDERS AND LONG-TERM OFFENDERS

### Dangerous Offenders and Long-Term Offenders

### SECTION 753.3

*Breach of long-term supervision*

753.3 (1) An offender who, without reasonable excuse, fails or refuses to comply with long-term supervision is guilty of an indictable offence and liable to imprisonment for a term not exceeding 10 years.

*Where accused may be tried and punished*

(2) An accused who is charged with an offence under subsection (1) may be tried and punished by any court having jurisdiction to try that offence in the place where the offence is alleged to have been committed or in the place where the accused is found, is arrested or is in custody, but if the place where the accused is found, is arrested or is in custody is outside the province in which the offence is alleged to have been committed, no proceedings in respect of that offence shall be instituted in that place without the consent of the Attorney General of that province.

** Editor's Table **

| Provision | Changed by | In force | Authority |
|-----------|------------|----------|-----------|
| 753.3 | 1997 c17 s4 | 1997 Aug 1 | SI/97-84 |
| 753.3 | 2008 c6 s46 | 2008 Jul 2 | SI/2008-34 |

*****

*S.C. 1997, c. 17, s. 4; S.C. 2008, c. 6, s. 46.*



Current to May 9, 2015

R.S.C. 1985, c. C-46, s. 264

[eff since July 23, 2002](Current Version)

**Criminal Code**

**R.S.C. 1985, c. C-46**

**PART VIII**

**OFFENCES AGAINST THE PERSON AND REPUTATION**

Motor Vehicles, Vessels and Aircraft

**SECTION 264.**

*Criminal harassment*

264. (1) No person shall, without lawful authority and knowing that another person is harassed or recklessly as to whether the other person is harassed, engage in conduct referred to in subsection (2) that causes that other person reasonably, in all the circumstances, to fear for their safety or the safety of anyone known to them.

*Prohibited conduct*

(2) The conduct mentioned in subsection (1) consists of

     (a) repeatedly following from place to place the other person or anyone known to them;

     (b) repeatedly communicating with, either directly or indirectly, the other person or anyone known to them;

     (c) besetting or watching the dwelling-house, or place where the other person, or anyone known to them, resides, works, carries on business or happens to be; or

     (d) engaging in threatening conduct directed at the other person or any member

of their family.

*Punishment*

(3) Every person who contravenes this section is guilty of

    (a) an indictable offence and is liable to imprisonment for a term not exceeding ten years; or

    (b) an offence punishable on summary conviction.

*Factors to be considered*

(4) Where a person is convicted of an offence under this section, the court imposing the sentence on the person shall consider as an aggravating factor that, at the time the offence was committed, the person contravened

    (a) the terms or conditions of an order made pursuant to section 161 or a recognizance entered into pursuant to section 810, 810.1 or 810.2; or

    (b) the terms or conditions of any other order or recognizance made or entered into under the common law or a provision of this or any other Act of Parliament or of a province that is similar in effect to an order or recognizance referred to in paragraph (a).

*Reasons*

(5) Where the court is satisfied of the existence of an aggravating factor referred to in subsection (4), but decides not to give effect to it for sentencing purposes, the court shall give reasons for its decision.

```
                    ** Editor's Table **

      For changes prior to Editor's Tables, please see other
      sources for in force information.

      Provision        Changed by       In force     Authority
```




Page 3

```
264(3)(a)     2002 c13 s10    2002 Jul 23   SI/2002-106
264(4)        1997 c16 s4     1997 May 26   SI/97-66
264(4)(a)     1997 c17 s9     1997 Aug 1    Act, s9
264(5)        1997 c16 s4     1997 May 26   SI/97-66
                       *****
```

*R.S.C. 1985, c. C-46, s. 264; R.S.C. 1985, c. 27 (1st Supp.), s. 37; S.C. 1993, c. 45, s. 2; S.C. 1997, c. 16, s. 4, c. 17, s. 9; S.C. 2002, c. 13, s. 10.*



| CANADA | IN THE MATTER OF a |
|---|---|
| PROVINCE OF ONTARIO | request for the extradition of |

CANADA
PROVINCE OF ONTARIO  }  IN THE MATTER OF a request for the extradition of Kenneth Wayne FROUDE from the United States to Canada to face prosecution for offences contrary to the *Criminal Code* of Canada and to serve the remainder of a Long Term Supervision Order

---

### AFFIDAVIT OF FACTS OF LISA MANSON

I, Lisa Manson, of the city of Ottawa in the Rural Municipality of Ottawa Carlton, in the Province of Ontario, MAKE OATH AND SAY AS FOLLOWS :

1- I am the National Manager, Sentence Management for the Correctional Service of Canada (CSC) and as such, I am familiar with the computation of sentences in Canada. In my position with CSC I have access to and have searched the files of the CSC relating to Mr. Kenneth Wayne Froude (hereinafter Mr. FROUDE) in preparation of this affidavit. In preparing this affidavit, I also received information from Assistant Crown Attorney Megan Williams, Crown Counsel Karen Shai and Kingston Police Sergeant Bradley Brooker. The information they provided relates to the request for the extradition of Mr. FROUDE for prosecution.

2- The CSC is a federal government agency in Canada responsible for administering prison sentences of a term of two years or more, as imposed by the court. CSC is responsible for managing institutions of various security levels and supervising offenders under both conditional release and long-term supervision as ordered by the court, in the community.

3- On March 09th, 2006, Mr. FROUDE was convicted of the following offences before the Superior Court of Justice, Ontario, Canada. He was sentenced for these offences on May 16th, 2008.

- One Count of Break and Enter and Commit Sexual Assault contrary to subsection 348(1)(b) of the *Criminal Code*. (sentence of 30 months imposed)

2

- One count of Utter a Threat to Cause Bodily Harm, contrary to subsection 264.1(2) of the *Criminal Code*. (sentence of 30 months concurrent imposed)

- One Count of Sexual Assault Using a Weapon, contrary to subsection 272(2) of the *Criminal Code*.  (sentence of 30 months concurrent imposed)

Additionally on May 5th, 2008, Mr. FROUDE was declared a Long Term Offender pursuant to s. 753.1(3) of the *Criminal Code*. On May 16th, 2008, during the sentencing proceedings he was ordered to be supervised in the community for 10 years following expiration of sentence as per section 753.2 of the *Criminal Code*.

Attached as Exhibit "A" to my Affidavit is a copy of the Warrant of Committal upon Conviction issued on May 16th, 2008, by the Superior Court of Justice, Ontario, Canada for the above-described offences.

4-   According to the documentation in CSC files, the facts underlying the convictions described above are as follows:

**Re: Break and Enter and Commit Sexual Assault – 21 June 2004**

On June 21st, 2004, in London, Ontario, Mr. FROUDE broke into a dwelling-house situated at 57-1270 Bentley Drive, and sexually assaulted the victim, Ms.

Ms. ▬▬▬ was home alone sleeping at 3:20 a.m. She awoke at this time to a male standing over her. He got on top of her and the two engaged in a physical struggle. The victim recognized Froude as a man she had previously spoken to casually in the downtown area on a bus and at a shopping center.

Mr. FROUDE knew her name and asked if she knew him. He was upset that she didn't know his name. A struggle ensued between the two and both victim and perpetrator ended up on the floor.

**Re: Utter a Threat to Cause Bodily Harm – 21 June 2004**

On June 21st, 2004, during the same incident described above in London, Ontario, Mr. FROUDE threatened Ms. ▬▬▬ with bodily harm and death.  Mr. FROUDE covered the victim's face and mouth with his hand. Holding a knife to her throat, he told the victim that she could submit to his advances or he would cause trouble. In the police report dated June 21st, 2004 the victim recalled that Mr. FROUDE



3

uttered that they could do it easy way or the hard way. As well, he stated that he would kill her.

**Re: Sexual Assault Using a Weapon - 21 June 2004**

On June 21ˢᵗ, 2004, during the incidents described above, in London, Ontario, Mr. FROUDE used a weapon to assist with his sexual assault of Ms. ▮▮▮▮▮

Mr. FROUDE, wielding a steak knife, told the victim he wanted to have sex with her, but she refused to engage in sexual intercourse with him. He tried to pull down Ms▮▮▮▮▮ pants and she prevented him from doing so. Mr. FROUDE stated that if the victim gave him a hand job, he would leave. The victim complied. Mr. FROUDE then asked the victim if he could give her oral sex and she said "no". He then told the victim that he was sorry and asked her not to call police. While smoking a cigarette, Mr. FROUDE talked to the victim about breaking up with his girlfriend and stated that he had a crush on the victim.

5-   As a result of the charges described in paragraph 3, Mr. FROUDE received a total sentence of 30 months (914 days) on May 16, 2008. This sentence was due to expire on November 15, 2010, after which Mr. FROUDE would become subject to his Long Term Supervision Order (LTSO) for a period of 10 years. Mr. FROUDE was incarcerated in a federal penitentiary in the province of Ontario, Canada and he served the 30 months sentence in its entirety. He commenced his 10 year LTSO on November 12, 2010. As a result of the LTSO, Mr. FROUDE was bound by certain general conditions as referenced in Karen Shai's affidavit at paragraph 17 and certain special conditions as outlined in his Long Term Supervision Certificate. A copy of the Long Term Supervision Certificate is attached to this affidavit as "Exhibit B". The special conditions imposed on Mr. FROUDE were:

- No contact, directly or indirectly with the victims of any of his offences.

- Counselling to be arranged by his supervisor to address difficulties in the area of sexual offending.

- Must abstain from purchase, possession or consumption of alcohol.

- Must reside at a Community Correctional Centre or a Community-based Residential Facility approved by the Correctional Service of Canada.

- Must abstain from the purchase, possession or consumption of drugs other than prescribed medication and over the counter drugs taken as recommended by the manufacturer.

- Not to associate with any person he knows to be involved in criminal activity or have reason to believe is involved in criminal activity.

4

- He must disclose to his parole supervisor, any and all contacts with females, with whom he associates or attempt to associate.

6-    On March 25th, 2011, Mr. FROUDE was convicted of the following offences before the Ontario Court of Justice, Ontario, Canada. He was sentenced for these offences on March 25th, 2011.

- One Count of Fail or Refuse to Comply with LTSO contrary to subsection 753.3(1) of the *Criminal Code*. (sentence of 19 months imposed)

- One Count of Fail or Refuse to Comply with LTSO contrary to subsection 753.3(1) of the *Criminal Code*. (sentence of 19 months concurrent imposed)

- One Count of Engaging in Threatening Conduct Causing a Person to Fear for Their Safety Knowing that the Person is Harassed or Reckless as to Whether the Other Person is Harassed contrary to subsection 264(2)(d) of the *Criminal Code*. - (sentence of 19 months concurrent imposed)

Attached as Exhibit "C" to my Affidavit are copies of the Warrants of Committal upon Conviction issued on March 25th, 2011, by the Ontario Court of Justice, Ontario, Canada for the above-described offences.

7-    According to the documentation in CSC files, the facts underlying the convictions described above are as follows:

**Re: Breach of LTSO - November 12th, 2010**

Mr. FROUDE was released at warrant expiry on 12 November 2010 to reside at the Portsmouth Community Correctional Centre (PCCC). He refused to be accompanied by staff to the PCCC. He was issued a taxi chit instead. He convinced the taxi driver to take him downtown instead. He was being followed by Kingston Police, who were able to apprehend Mr. FROUDE before he disappeared into the crowd. He was arrested within 1 hour of being released from Kingston Penitentiary. This was in breach of a condition of his LTSO that stated that he travel directly to his place of residence as set out in his release certificate and report directly to his parole officer.

**Re: Criminal Harassment - February 14th, 2011**

On February 14th 2011, in Kingston, Ontario, Mr. FROUDE called one of the female Correctional Officers who had worked on his range at Kingston Penitentiary. The officer, ███████████ stated to police that she received a

collect call and accepted it as she could not hear the caller's name. She asked who was calling and the caller stated "Ken Froude". Ms. ████████ recognized the name as someone who had been recently released from the penitentiary and replied that she could not accept the call and hung up. Ms. ████████ was later told by police that Mr. FROUDE was in Quinte Detention Centre — he had apparently told staff there that she had given him the number and that she had told him he could call her when released.

**Re: Breach of LTSO – February 14th, 2011**

The above-described incident of February 14th, 2011 resulting in Mr. FROUDE breaching a condition of his LTSO that required him to disclose to his parole supervisor any and all contacts with females with whom he associates or attempt to associate.

This breach was substantiated by 2 employees at Quinte Detention Center who confirmed that Mr. FROUDE had in fact called the complainant and had not disclosed the call to his parole supervisor.

8-  As a result of the charges described in paragraph 7, Mr. FROUDE received a total sentence of 19 months (580 days) on March 25, 2011 in addition to 5 months already served in pre-sentence custody. Mr. FROUDE's Long Term Supervision period was interrupted as a result of the imposition of the sentence. The balance of his Long Term Supervision was to re-commence upon the expiration of the 19 months custodial sentence imposed. In 2013, Mr. FROUDE's Long Term Supervision Certificate was amended to reflect the new expiry date of his LTSO. The new expiry date is September 18th, 2022. A copy of this amended Long Term Supervision Certificate is attached to this affidavit as Exhibit "D".

9-  Mr. FROUDE was incarcerated in a federal penitentiary in the province of Ontario, Canada to serve his sentence and was subsequently released on statutory release on April 12, 2012. On April 13, 2012, Mr. FROUDE's whereabouts became unknown and a Warrant of Apprehension, Suspension and Recommitment to Custody was issued pursuant to subsection 135(1) of the *Corrections and Conditional Release Act*. Mr. FROUDE was eventually located in the United States and, on July 19, 2012, he was returned to Canada by US Homeland Security and warrant of suspension executed. He was at large for 96 days prior to the execution of the warrant. On the date that the warrant was executed, Mr. Froude was returned to custody. On October 24th, 2012, the Parole

6

Board of Canada revoked Mr. Froude's Statutory Release. His Statutory Release date was then recalculated as required by Canadian law and he was released again on November 22nd, 2012. This new period of Statutory Release was temporarily suspended on December 5th, 2012 by Mr. Froude's parole officer because his parole officer felt that he was no longer manageable in the community and he was once again brought into custody. However, this temporary suspension was later cancelled on January 2nd, 2013 and at this time Mr. Froude was released as his Statutory Release period resumed. He completed his sentence and was again subject to his LTSO as of January 28, 2013.

10-   On May 18, 2013, Mr. FROUDE's whereabouts became unknown and a Warrant of Apprehension, Suspension and Recommitment to custody of Long Term Supervision was issued pursuant to subsection 135.1(1) of the *Corrections and Conditional Release Act*. This warrant, which provides for the arrest of Mr. FROUDE, remains outstanding. Attached as Exhibit "E" to my Affidavit is the Warrant of Apprehension and Suspension issued on May 18, 2013.

SUMMARY OF THE EVIDENCE FOR THE REQUEST FOR PROSECUTION – BREACHES OF LTSO

11-   On January 28 2013, Mr. Froude resumed his LTSO at the PCCC, in the City of Kingston, as he had completed his sentence of 19 months and reached his Warrant Expiry date.

12-   Pursuant to his LTSO, Mr. Froude was bound by several conditions, to protect the public from his high risk for violence and sexual re-offence, including:

- To reside a specific place – Must reside at a Community Correctional Centre or a Community-Based Residential Facility approved by the Correctional Service of Canada;

- Remain at all times in Canada within the territorial boundaries fixed by your Parole Supervisor; and

- Obey the law and keep the peace.

13-   On Friday, May 17th 2013, Commissionaire Dan Laurie was on duty at the PCCC. At approximately 11:30 pm, he conducted a walk-through of the Centre. Commissionaire Laurie saw Mr. FROUDE, at approximately 11:30 to 11:45 pm, in the kitchen area of Unit #8.

14-   At 12:00 am all exterior doors of the PCCC were locked and alarmed, and



7

remained so until 6:00 am on Saturday, May 18th 2013.

15- Between 12:00 am and 6:00 am on Saturday, May 18th 2013, Commissionaire Dan Laurie and Commissionaire Rodger Corcoran conducted four "bed checks" in an effort to ensure each of the residents were accounted for in their rooms. Nothing unusual was noted. It appeared to Commissionaires Laurie and Corcoran, when they checked through the small window in Mr. Froude's door, that Mr. Froude was asleep in his bed, in Unit #8, Room C.

16- At approximately 11:30 am on Saturday, May 18th 2013, Parole Officer Sandi Desjardins received a text message from a resident, who did not identify himself, advising that Mr. FROUDE had left the PCCC during the previous night.

17- Upon receipt of this information, Commissionaire Robert Arter proceeded to Unit #8, Room C, to check the status of Mr. FROUDE. He looked through the small window in the door and knocked. When he did not get a response, he unlocked the door, and walked over to the bed. He saw that the bed had been "dummied"– a comforter and a shirt had been used to make it appear like Mr. FROUDE was asleep in the bed. Most of Mr. FROUDE's belongings were gone, including his TV and a stereo. Commissionaire Arter checked the rest of the Unit in an effort to locate Mr. FROUDE. He then checked the entire PCCC facility and surrounding property. Mr. FROUDE was not located.

18- As a result of this investigation, Mr. FROUDE was charged with three breaches of his LTSO by (i) failing to reside at a Community Correctional Centre or Community-Based Residential Facility approved by Correctional Service of Canada; (ii) failing to remain at all times in Canada within the territorial boundaries fixed by his parole supervisor; and (iii) failing to obey the law and keep the peace.

19- Up to May 18, 2013, the date that his Long Term Supervision was suspended, Mr. FROUDE had completed 244 days of his LTSO. Upon his return to Canada, Mr. FROUDE will be prosecuted for the three alleged breaches of his LTSO. Mr. FROUDE will then be subject to supervision for the remaining 3409 days of his LTSO.

20- Persons charged with criminal offences in Canada are fingerprinted and given a number identifying that person to the set of prints (this is called an "FPS"



8

number).  These fingerprint records are kept in a central registry by the Royal Canadian Mounted Police in Ottawa, Ontario, Canada.

Attached as Exhibit "F" to my Affidavit is a copy of the fingerprint record of Kenneth Wayne Froude obtained from the Royal Canadian Mounted Police. Attached as Exhibit "G" to my affidavit is a copy of a photograph of Kenneth Wayne Froude obtained from CSC. This photograph was taken on July 27th, 2012 while Mr. FROUDE was serving the sentence which interrupted his Long Term Supervision Order in a CSC penitentiary.  I verily believe that the person in this photograph is the subject of the LTSO detailed in the certificates at Exhibits B and D of this Affidavit.

21-     Kenneth Wayne Froude has the following identifiers:
   • Full Name:  Kenneth Wayne Froude
   • Date of Birth:  ███████1968.
   • Citizenship:  Canadian  & Native Status under the Jay Treaty  (Treaty of Amity, Commerce and Navigation, Between his Britannic Majesty and The United States of America)
   • Physical Description: Male; North American Indian, height: 180 cm, weight: 69 kg, brown hair, brown eyes; fair complexion.
   • FPS # : ████████

The CSC has been advised by authorities in the United States that Mr. FROUDE is currently residing at ███████████████ in Gardena, California.

22-     I certify the facts contained in this my affidavit to be accurate to the best of my knowledge and belief.

SWORN before me at                    )
Ottawa, in the Regional              )
Municipality of Ottawa -             )
Carleton, in the Province            )
of Ontario, this 19 day              )
of May, 2015.                        )
                                     )
                                     )
_____      )       _____
Commissioner of Oaths                               Lisa Manson

Sean Martin Peré, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.

This is **Exhibit "A"** referred to in the
affidavit of Lisa Manson
sworn before me, this
19th day of May, 2015.

_____
A Commissioner for Taking Affidavits

Sean Martin Peré, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.

5196603091      OCJ LONDON                                                03:52:46 p.m.   07-14-2011        2/3

- WARRANT OF COMMITTAL ON CONVICTION – TWO OR MORE SENTENCES OF IMPRISONMENT
MANDAT DE DÉPÔT SUR DÉCLARATION DE CULPABILITÉ – DEUX OU PLUSIEURS PEINES D'EMPRISONNEMENT

SUPERIOR COURT OF JUSTICE
COUR SUPÉRIEURE DE JUSTICE/JUSTICE DE L'ONTARIO

CANADA
PROVINCE OF ONTARIO
PROVINCE DE L'ONTARIO
West / Ouest
(Region / Région)

To the peace officers in the said region, and in the Province of Ontario,
and to the keeper of the provincial correctional institution or penitentiary.
Aux agents de la paix dans ladite région et dans la province de l'Ontario
ou au gardien de l'établissement correctionnel provincial ou du pénitencier.

Form / Formule 21
Sections / Articles 570 and / et 806
of the Criminal Code / du Code criminel
7745 SCJ

Case/File No. / N° du cas/dossier

(1) WHEREAS Kenneth Wayne FROUDE
ATTENDU QUE                                                              1968   (date of birth / date de naissance)

hereinafter called the offender, was on the          9TH          day of   MAY          , yr.   2007
ci-après appelé(e) le contrevenant a, le                                jour de                      an
convicted by   The Honourable Madam Justice H. RADY - 80 Dundas Street, LONDON, Ontario
été déclaré(e) coupable par                                (name of judge and court location / nom du juge et adresse du tribunal)

and was on the   16th   day of   MAY          , yr.   2008      sentenced upon a certain charge,
et que, le              jour de                      an          une peine lui a été infligée pour avoir,
to wit that he/she, the offender, on or about the   21ST   day of   JUNE          , yr.   2004
le ou vers le                                        jour de                      an

at   CITY OF LONDON          in the   SOUTHWEST REGION          , unlawfully did
à(au)                              dans le(la)                                        illégalement
Did commit break, enter and the indictable offence of sexual assault

☐ Summary Conviction Offence                                    ☒ Indictable Offence
Infraction punissable sur déclaration de culpabilité par procédure sommaire    Infraction punissable par mise en accusation
contrary to / contrairement à(au)   s. 348(1)(b) CCC

and it was adjudged that the offender for his offence be sentenced as follows:
et que la peine suivante a été prononcée relativement à l'infraction commise :
30 MONTHS CUSTODY (Accused has served 1344 days in custody and is therefore to be given credit for 7 years and 6
months and accused is to be given credit for time served in pretrial and pre-sentence custody on a 2 for 1 basis)

Term that would have been imposed before any credit granted:   30 MONTHS.   Pre-Sentence Custody:   1344 days   Time Credited:   2 for 1
Période d'emprisonnement imposée avant l'octroi de tout crédit :        Détention sous garde avant prononcé de la peine :   Crédit octroyé :
Sentence :                                                  ☐ consecutive      ☐ concurrent      to/with /
Peine :                                                        consécutive        concurrente à

☐ Dangerous Offender   ☒ Long-Term Offender   ☐ With conditions for supervision specified as per attached schedule (where applicable)
Délinquant dangereux   Délinquant à contrôler   Avec des conditions de surveillance précisées dan l'annexe (le cas échéant)

(2) AND WHEREAS the offender was on the   9TH   day of   MARCH          , yr.   2007      , convicted
ET ATTENDU QUE le contrevenant a, le              jour de                      an          été déclaré coupable
and was on the   16TH   day of   MAY          , yr.   2008      sentenced upon a certain charge,
et que, le                jour de                      an          une peine lui a été infligée pour avoir,
to wit that he/she, the offender, on or about the   21ST   day of   JUNE          , yr.   2004
le ou vers le                                        jour de                      an

at   CITY OF LONDON          in the   SOUTHWEST REGION          , unlawfully did
à(au)                              dans le(la)                                        illégalement
Did knowingly utter a threat to cause bodily harm

☐ Summary Conviction Offence                                    ☒ Indictable Offence
Infraction punissable sur déclaration de culpabilité par procédure sommaire    Infraction punissable par mise en accusation
contrary to / contrairement à(au)   s. 264.1(2) CCC

and it was adjudged that the offender for his offence be sentenced as follows :
et que la peine suivante a été prononcée relativement à l'infraction commise :
30 MONTHS CUSTODY CONCURRENT

Term that would have been imposed before any credit granted:          Pre-Sentence Custody:          Time Credited:
Période d'emprisonnement imposée avant l'octroi de tout crédit :        Détention sous garde avant prononcé de la peine :   Crédit octroyé :
Sentence :                                                  ☐ consecutive      ☐ concurrent      to/with /
Peine :                                                        consécutive        concurrente à

THIS IS A CERTIFIED
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution

CCO-21-570-2 (rev. 02/10) CSD

PAGE 02                                    MI SENT MGMT                              613          07/14/2011   14:34

'5196603081            OCJ LONDON

03:5___ p.m.      07-14-2011                          3/3

Page          2    at / de          2
**WARRANT OF COMMITTAL / MANDAT DE DÉPÔT**
Form / Formule 21
7748 SCJ

(3) **AND WHEREAS** the offender was on the **9TH** day of **MARCH**
*ET ATTENDU QUE le contrevenant a, le*        *jour de*                 , yr. **2007** , convicted
*an*                *été déclaré coupable,*
and was on the **16TH** day of **MARCH**              , yr. **2008**
*et que, le*        *jour de*        *An*        , sentenced upon a certain charge,
*une peine lui a été infligée pour avoir,*
to wit that he/she, the offender, on or about the **21ST** day of **JUNE**        , yr. **2004**
*le ou vers le*                *jour de*                *an*
at **CITY OF LONDON**        in the **SOUTHWEST REGION**        , unlawfully did
*à(au)*        *Dans le(la)*        *illégalement*

**Did commit sexual assault using a weapon**

☐ Summary Conviction Offence
*Infraction punissable sur déclaration de culpabilité par procédure sommaire*        ☒ Indictable Offence
contrary to / *contrairement à(au)*   **a. 272(2) CCC**        *Infraction punissable par mise en accusation*
and it was adjudged that the offender for his/her offence be sentenced as follows:
*et que la peine suivante a été prononcée relativement à l'infraction commise :*

**30 MONTHS CUSTODY CONCURRENT**

Term that would have been imposed before any credit granted:
*Période d'emprisonnement imposée avant l'octroi de tout crédit :*        Pre-Sentence Custody:
*Détention sous garde avant prononcé de la peine :*        Time Credited:
*Crédit octroyé :*
Sentence:        ☐ consecutive        ☐ concurrent    to/with
*Peine :*        *consécutive*        *concurrente*    *à*

( ) **AND WHEREAS** the offender was on the
*ET ATTENDU QUE le contrevenant a, le*        *jour de*                 , yr. , convicted
*an*                *été déclaré coupable,*
and was on the        day of              , yr.
*et que, le*        *jour de*        *An*        , sentenced upon a certain charge,
*une peine lui a été infligée pour avoir,*
to wit that he/she, the offender, on or about the        day of                , yr.
*le ou vers le*                *jour de*                *an*
at        in the        , unlawfully did
*à(au)*        *dans le(la)*        *illégalement*

☐ Summary Conviction Offence
*Infraction punissable sur déclaration de culpabilité par procédure sommaire*        ☐ Indictable Offence
contrary to / *contrairement à(au)*                *Infraction punissable par mise en accusation*
and it was adjudged that the offender for his/her offence be sentenced as follows:
*et que la peine suivante a été prononcée relativement à l'infraction commise :*

Term that would have been imposed before any credit granted:
*Période d'emprisonnement imposée avant l'octroi de tout crédit :*        Pre-Sentence Custody:
*Détention sous garde avant prononcé de la peine :*        Time Credited:
*Crédit octroyé :*
Sentence:        ☐ consecutive        ☐ concurrent    to/with
*Peine :*        *consécutive*        *concurrente*    *à*

**YOU ARE HEREBY COMMANDED** in Her Majesty's name, to arrest the offender if it is necessary to do so in order to take the offender into
custody, and to take and convey him/her safely to the said prison and deliver him/her to the keeper thereof, who is hereby commanded to
receive the offender into custody and to imprison him/her there for the terms of his/her sentence, and this is a sufficient warrant for so doing.
*IL VOUS EST PAR LES PRÉSENTES ORDONNÉ, au nom de Sa Majesté, d'arrêter le contrevenant, s'il cela est nécessaire pour l'amener
en détention, et de le conduire en toute sécurité à ladite prison et de l'y remettre au gardien à qui il est par les présentes ordonné de
recevoir le contrevenant et de l'y incarcérer pour la durée de sa peine, et les présentes sont, pour ce faire, un mandat suffisant.*

☐ An order has been made that the accused abstain from communicating directly or indirectly with
*Une ordonnance a été rendue aux termes de laquelle l'accusé doit s'abstenir de communiquer directement ou indirectement avec*

(name of person(s) and any conditions attached to the order / *nom de la(des) personne(s) et des conditions éventuelles énoncées dans l'ordonnance*)
pursuant to subsection 743.21 of the *Criminal Code,*
*conformément au paragraphe 743.21 du Code criminel.*

DATED this **16TH** day of **MAY**        , 20 **08**        *(Amended*
*FAIT ce*        *jour de*        *June 15/11)*
at / *à(au)* **CITY OF LONDON**        Judge/Clerk of the Court/ *Juge/Greffier du tribunal*
in the Province of Ontario / *dans la province de l'Ontario*        **T. STEVENS**

**THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL**

Superior Court of Justice/ *Cour supérieure de justice/ justice de l'Ontario*

OCC-21-570-2 (rev. 02/10) CSD

Sentence Administrator
Millhaven Institution
MI SENT MGMT        613___

PAGE 03        07/14/2011 14:34

Jun 27 2008 1:17PM   HP LASERJET 3330                                           P.2




1

Cou... ...rmation
Number 7746
SCJ

# WARRANT OF COMMITTAL ON CONVICTION
## TWO OR MORE SENTENCES OF IMPRISONMENT
*MANDAT DE DÉPÔT SUR DÉCLARATION DE CULPABILITÉ*
*DEUX OU PLUSIEURS PEINES D'EMPRISONNEMENT*

| | |
|---|---|
| Form<br>Formule | 21 C.C |
| Section<br>Article | 570 |
| and Section<br>et Article | 806 |

To the peace officers in the   **Southwest Region**, and in the Province of Ontario
*Aux agents de la paix dans*

CANADA
PROVINCE OF ONTARIO
PROVINCE DE L'ONTARIO
**Southwest**
(Region/Région)

and to the keeper of the   **PROVINCIAL CORRECTIONAL INSTITUTION OR**
**PENITENTIARY**
*et au gardien de*
*Penitentiary)*

(Provincial Correctional Institute, Reformatory, or
*(établissement) correctionnel provincial, de redressement ou
pénitencier)*

(For each count, state whether the sentence is consecutive or concurrent, and specify consecutive or concurrent to/with what other sentence. See
s.718.3(4).) *(Pour chaque chef d'accusation, dans le cas d'une peine d'emprisonnement, indiquer si elle doit être purgée concurrement ou
consécutivement à une autre peine clairement désignée. Voir par 718.3(4).)*

**(1) Whereas**
*Attendu que.*   **Kenneth Wayne FROUDE**                                    **D.O.B.** ▓▓▓▓ **1968**
hereinafter called the offender, was on the   **May 16th, 2008**
convicted by   **The Honourable Madam Justice H. RADY - Superior Court of Justice**
and on this day was sentenced upon a certain charge, to wit that he/she, the offender on or about the **June 21st, 2004**
at     **the City of London**           In the     **Southwest Region**        , unlawfully did
*à/au*                                  *dans le/la*                           , *illégalement*
**Did commit break, enter and the indictable offence of sexual assault, s. 348(1)(b)CCC**
straight indictable                                            *★ 10 years! ★*
And it was adjudged that the offender for his/her offence be imprisoned in the said prison for the term of   *M. Froude is found to be a long term*
*Et qu'il a été décidé que le contrevenant soit emprisonné pour l'infraction commise dans ladite prison pour la période de*   *offender.*

**30 MONTHS (Accused has served 1344 days in custody and is therefore to be given credit for 7 years and 5 months
and accused is to be given credit for time served in pretrial and pre-sentence custody on a 2 for 1 basis)**

**(2) AND WHEREAS** the offender was convicted and on this day was sentenced upon a certain charge, to wit that he/she, the accused, on or about the
*ET ATTENDU que le contrevenant a été déclaré coupable et qu'une peine lui a été infligée ce jour pour avoir, le ou vers le*
**June 21st, 2004**
at     **the City of London**           In the     **Southwest Region**        , unlawfully did
*à/au*                                  *dans le/la*                           , *illégalement*
**Did commit sexual assault using weapon, s. 272(2)CCC**
straight indictable
And it was adjudged that the offender for his/her offence be imprisoned in the said prison for the term of
*Et qu'il a été décidé que le contrevenant soit emprisonné pour l'infraction commise dans ladite prison pour la période de*

## 30 MONTHS CONCURRENT

You are hereby commanded in Her Majesty's name, to arrest the offender if it is necessary to do so in order to take the offender into custody, and to take and
convey him/her safely to the said prison and deliver him/her to the keeper thereof, who is hereby commanded to receive the accused into custody and to
imprison him/her there for the terms of his/her sentence, and this is a sufficient warrant for so doing.

*Il vous est par les présentes ordonné, au nom de Sa Majesté, d'arrêter le contrevenant si cela est nécessaire pour l'amener en détention, et de le conduire
sûrement à ladite prison et de l'y remettre au gardien à qui il est par les présentes ordonné de recevoir le prévenu et de l'y incarcérer pour la durée de sa
peine, et les présentes sont, pour ce faire, un mandat suffisant.*

DATED at the City of London this 16 day of May, 2008
*Fait à/au                         le            jour de*

X _____

                                             Clerk of the Court / *Greffier du tribunal*
                                             **T. STEVENS**

THIS IS A CERTI...
COPY OF THE ...

Sentence Admini...
Millhaven Instituti...

This is **Exhibit "B"** referred to in the
affidavit of Lisa Manson
sworn before me, this
19th day of May, 2015.

_____

A Commissioner for Taking Affidavits

Sean Martin Peré, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.



KINGSTON PENITENTIARY

NOV 1? 2010

OFFENDER RECORDS

PARSH

**CERT LIB/SUP CE**

Pag

Correctional Service   **CERTIFICATE NUMBER:** U40A00024936
Canada

PROTECTED ONCE COMPLETED
[ ]A   [X]B   [ ]C
PERSONAL INFORMATION BANK

## LONG TERM SUPERVISION CERTIFICATE
Corrections and Conditional Release Act

| This is to certify that the following person is subject to a period of long term supervision as indicated below. | Issued On 2010/11/12 |
|---|---|

Name   **FROUDE, KENNETH WAYNE**

FPS

LTSO Start Date   **2010/11/12**

Institution   **KINGSTON PENITENTIARY**

D.O.B.   **1968/**

Expiry Date   **2020/11/15**

CONDITIONS OF LONG TERM SUPERVISION AND ACKNOWLEDGEMENT

I fully understand and accept the conditions of my long term supervision (attached), any special conditions noted below or attached and any instructions given by my parole supervisor in respect to any condition of my release. I understand that if I violate them, my long term supervision may be suspended. I also understand that failure or refusal without reasonable excuse to abide by the conditions of the long term supervision order is an offence under 753.3(1) of the Criminal Code of Canada.

753.3(1)  An offender who is required to be supervised by an order made under paragraph 753.1(3)(b) and who, without reasonable excuse, fails or refuses to comply with that order is guilty of an indictable offence and liable to imprisonment for a term not exceeding ten years.

Special Conditions

| | Effective Date Y M D | End Date Y M D |
|---|---|---|
| MUST AVOID CERTAIN PERSONS | | |
| NO CONTACT, DIRECTLY OR INDIRECTLY WITH THE VICTIMS OF ANY OF YOUR OFFENCES. | 2010/11/12 | 2020/11/15 |
| FOLLOW TREATMENT PLAN | | |
| /COUNSELLING TO BE ARRANGED BY YOUR SUPERVISOR TO ADDRESS DIFFICULTIES IN THE AREAS OF: SEXUAL OFFENDING. | 2010/11/12 | 2020/11/15 |
| ABSTAIN FROM USE OF ALCOHOL | | |
| ABSTAIN FROM PURCHASE, POSSESSION OR CONSUMPTION OF ALCOHOL. | 2010/11/12 | 2020/11/15 |
| TO RESIDE AT A SPECIFIC PLACE | | |
| MUST RESIDE AT A COMMUNITY CORRECTIONAL CENTRE OR A COMMUNITY-BASED RESIDENTIAL FACILITY APPROVED BY THE CORRECTIONAL SERVICE OF CANADA. | 2010/11/12 | 2020/11/15 |
| MUST ABSTAIN FROM DRUGS | | |
| ABSTAIN FROM THE PURCHASE, POSSESSION OR CONSUMPTION OF DRUGS OTHER THAN PRESCRIBED MEDICATION AND OVER THE COUNTER DRUGS TAKEN AS RECOMMENDED BY THE MANUFACTURER. | 2010/11/12 | 2020/11/15 |
| MUST AVOID CERTAIN PERSONS | | |
| NOT TO ASSOCIATE WITH ANY PERSON YOU KNOW TO BE INVOLVED IN CRIMINAL ACTIVITY OR HAVE REASON TO BELIEVE IS INVOLVED IN CRIMINAL ACTIVITY. | 2010/11/12 | 2020/11/15 |
| OTHER | | |
| YOU ARE TO DISCLOSE TO YOUR PAROLE SUPERVISOR, ANY AND ALL CONTACTS WITH FEMALES, WITH WHOM YOU ASSOCIATE OR ATTEMPT TO ASSOCIATE. | 2010/11/12 | 2020/11/15 |

I understand that the long term supervision certificate is the property of the National Parole Board and must be delivered on demand of the National Parole Board or of my parole supervisor.

Released offender - signature

Witness - signature

Y   M
10 11 1
Date

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution

LONG TERM SUPERVISION CERTIFICATE
Ce formulaire existe aussi en français.
CSC 1201 (99-09) OMS          VERS (1)
Date and Time Produced  2010/11/12 09:58          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

# CERT LIB/SUP CERT

Page 2

PROTECTED ONCE COMPLETED

[ ]A  [X]B  [ ]C

PERSONAL INFORMATION BANK

| CERT. # | U40A00024936 | NAME | FROUDE, KENNETH WAYNE |
|---------|--------------|------|------------------------|
| FPS | 083089C | LOC. | KINGSTON PENITENTIARY |

## INSTRUCTIONS

Pursuant to the conditions of your long term supervision, you must obey these instructions. Failure to do so may result in suspension of your release. You should also understand that failure or refusal without reasonable excuse to abide by the conditions of the long term supervision order is an offence under 753.3(1) of the Criminal Code of Canada.

You must proceed directly to            KINGSTON, ONTARIO

and report to your Parole Supervisor

  NEWTON, MIKE S

at  PORTSMOUTH COMM. CENTRE

   1455 BATH ROAD              PO BOX 7500
   KINGSTON            ONTARIO           (613) 545-8365

Other Amendments _____

_____

_____

_____

Director - Signature                Parole Supervisor - Signature

_____             _____

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator,
Millhaven Institution

LONG TERM SUPERVISION CERTIFICATE
Ce formulaire existe aussi en français.
CSC 1201 (99-09) OMS        VERS (1)
Date and Time Produced  2010/11/12 09:58          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

                                                                    Page 2 of 4

Case 2:15-cv-08623-JLS-E   Document 1-4   Filed 11/04/15   Page 92 of 113   Page ID #:145



# CERT LIB/SUP CER

Page

PROTECTED ONCE COMPLETED

[ ]A    [X]B    [ ]C

PERSONAL INFORMATION BANK

| CERT. # | U40A00024936 | NAME | FROUDE, KENNETH WAYNE |
| FPS . | 083089C | LOC. | KINGSTON PENITENTIARY |

Special Instructions

**Proceed directly to Portsmouth CCC @ 1455 Bath Rd. Kingston, Ontario and report to your Parole Supervisor.**

**National Duty Office: 1 866 400-3765**

Director - Signature                                        Parole Supervisor - Signature

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution

LONG TERM SUPERVISION CERTIFICATE
Ce formulaire existe aussi en français.
CSC 1201 (99-09) CMS        VERS (1)
Date and Time Produced   2010/11/12 09:58                    TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

Page 3 of 4

 

# CERT LIB/SUP CERT

Page 4

PROTECTED ONCE COMPLETED

[ ]A   [X]B   [ ]C

PERSONAL INFORMATION BANK

| CERT. # | U40A00024936 | NAME | FROUDE, KENNETH WAYNE |
| FPS | 083089C | LOC. | KINGSTON PENITENTIARY |

| REPORTS TO POLICE | | | | | | VISITS TO SUPERVISOR | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Initials | Date | Initials | Date | Initials | Date | Initials | Date | Initials | Date | Initials | Date |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

## CONDITIONS OF RELEASE
### (Long Term Supervision Order)

The conditions that the National Parole Board is deemed to have imposed in respect of any offender released on long term supervision are that you:

(a)  on release, travel directly to your place of residence, as set out in your release certificate, and report to your parole supervisor immediately and thereafter as instructed by your parole supervisor;

(b)  remain at all times in Canada within the territorial boundaries fixed by your parole supervisor;

(c)  obey the law and keep the peace;

(d)  inform your parole supervisor immediately on arrest or on being questioned by the police;

(e)  at all times carry the release certificate and the identity card provided by the releasing authority and produce them on request for identification to any peace officer or parole supervisor;

(f)  report to the police if and as instructed by your peace officer or parole supervisor;

(g)  advise your parole supervisor of your address of residence on release and thereafter report immediately of:

(i)  any change in your address of residence,

(ii)  any change in your normal occupation, including employment, vocational or educational training and volunteer work,

(iii)  any change in your domestic or financial situation (of the offender), and on request of the parole supervisor, any change that you (the offender) have knowledge of in your family situation (of the offender), and

(iv)  any change that may reasonably be expected to affect your ability to comply with the conditions of long term supervision;

(h)  not own, possess or have the control of any weapon, as defined in section 2 of the Criminal Code, except as authorized by your parole supervisor.

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator,
Milhaven Institution

LONG TERM SUPERVISION CERTIFICATE
Ce formulaire existe aussi en français.
CSC 1201 (99-09) OMS       VERS (1)
Date and Time Produced   2010/11/12 09:58       TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

This is **Exhibit "C"** referred to in the
affidavit of Lisa Manson
sworn before me, this
19th day of May, 2015.

_____
A Commissioner for Taking Affidavits

Sean Martin Peré, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.

 

## WARRANT OF COMMITTAL ON CONVICTION

TWO OR MORE SENTENCES OF IMPRISONMENT

Page 1
Form 21 CC
(Sections 570 and 806)
0911 998 11 0490    -00
Agency: 30920    Badge No.: 958

C A N A D A
PROVINCE OF ONTARIO
COUNTY OF FRONTENAC

To the peace officers in the
COUNTY OF FRONTENAC
and in the Province of Ontario, and to the keeper of the
PROVINCIAL CORRECTIONAL INSTITUTION OR PENITENTIARY

(02) Whereas FROUDE, KENNETH W
of QDC                                                    D.O.B.          68
NAPANEE                           ONTARIO

hereinafter called the offender, was on the 25th day of  MARCH,   2011,
convicted by PROVINCIAL JUDGE   S. HUNTER
of the ONTARIO COURT OF JUSTICE
and on the 25th day of  MARCH,   2011 was sentenced upon a certain charge,
to wit that he/she, the offender,
ON OR ABOUT THE 14 FEBRUARY 2011
AT THE CITY OF KINGSTON
DID WHILE BOUND BY AN ORDER MADE BY JUDGE H.A. RADY OF THE ONTARIO
COURT OF JUSTICE ON THE 16 MAY 2008 FAIL TO COMPLY WITH A CONDITION
OF THAT ORDER TO WIT: OBEY THE LAW AND KEEP THE PEACE CONTRARY TO
SECTION 753.3(1) OF THE CRIMINAL CODE OF CANADA

INDICTABLE

And it was adjudged that the offender for his/her offence be imprisoned in the
said prison for the term of  19  MONTHS        JAIL - CONCURRENT

(State whether the sentence is consecutive or concurrent, and specify
consecutive or concurrent to/with what other sentence) (see s.718.3(4))

(03) AND WHEREAS the offender was convicted and on this day was sentenced upon
a certain charge, to wit that he/she, the accused,
BETWEEN 23 JANUARY 2011 AND 15 FEBRUARY 2011
AT THE CITY OF KINGSTON
KNOWING THAT LEANNE ADEMA IS HARASSED OR BEING RECKLESS AS TO WHETHER
LEANNE ADEMA IS HARASSED DID WITHOUT LAWFUL AUTHORITY ENGARGE IN
THREATENING CONDUCT DIRECTED TO LEANNE ADEMA THEREBY CAUSING
LEANNE ADEMA TO FEAR FOR HER SAFETY CONTRARY TO SECION 264(2)(D) OF THE
CRIMINAL CODE OF CANADA

INDICTABLE

And it was adjudged that the offender for his/her offence be imprisoned in the
said prison for the term of  19  MONTHS        JAIL - CONCURRENT

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator.
Millhaven Institution

 

# WARRANT OF COMMITTAL ON CONVICTION

### TWO OR MORE SENTENCES OF IMPRISONMENT

Page 2
Form 21 CC

C A N A D A

(Sections 570 and 806)

PROVINCE OF ONTARIO

0911 998 11 0490      -00

COUNTY OF FRONTENAC.

Agency: 30920   Badge No.: 958

You are hereby commanded in Her Majesty's name, to arrest the offender if it is necessary to do so in order to take the offender into custody, and to take and convey him/her safely to the said prison and deliver him/her to the keeper thereof, who is hereby commanded to receive the accused into custody and to imprison him/her there for the terms of his/her sentence, and this is a sufficient warrant for so doing.

DATED at KINGSTON, ON                , this 25th day of  MARCH,  2011.

RICO3095
CC 2068  (rev 07/96)

Clerk of the Court/Judge

A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution



# WARRANT OF COMMITTAL ON CONVICTION
### SENTENCE OF IMPRISONMENT

Page  1
Form 21 CC
(Sections 570 and 806)
0911 998 10 110301  -00
Agency: 30920    Badge No.: 137

C A N A D A
PROVINCE OF ONTARIO
COUNTY OF FRONTENAC

To the peace officers in the
COUNTY OF FRONTENAC
and in the Province of Ontario, and to the keeper of the
PROVINCIAL CORRECTIONAL INSTITUTION OR PENITENTIARY

Whereas FROUDE, KENNETH W                    D.O.B. ▇▇▇68
of KINGSTON PENITENTIARY
     KINGSTON              ONTARIO

hereinafter called the offender, was on the 25th day of  MARCH,  2011,
convicted by PROVINCIAL JUDGE   S  HUNTER
of the ONTARIO COURT OF JUSTICE
and on the 25th day of  MARCH,  2011 was sentenced upon a certain charge,
to wit that he/she, the offender,
ON OR ABOUT THE 12 NOVEMBER 2010
AT THE CITY OF KINGSTON
DID WHILE BOUND BY AN ORDER MADE BY JUSTICE H. A. RADY OF THE ONTARIO
COURT OF JUSTICE ON 16 MAY 2008 FOR A PERIOD OF TEN YEARS FROM HIS
WARRANT EXPIRY DATE, PURS. TO SEC 753.1(3)(B) OF THE CRIMINAL CODE
DID WITHOUT REASONABLE EXCUSE FAIL OR REFUSE TO COMPLY WITH THAT
ORDER TO WIT: ON RELEASE, TRAVEL DIRECTLY TO YOUR PLACE OF RESIDENCE
AS SET OUT IN YOUR RELEASE CERTIFICATE, AND REPORT TO YOUR PAROLE
SUPERVISOR IMMEDIATELY AND THEREAFTER AS INSTRUCTED BY YOUR PAROLE
SUPERVISOR CONTRARY TO SECTION 753.3(1) OF THE CRIMINAL CODE OF CANADA

INDICTABLE

And it was adjudged that the offender for his/her offence be imprisoned in the
said prison for the term of  19  MONTHS        JAIL
                5  MONTHS        PRE-SENTENCE CUSTODY

(State whether the sentence is consecutive or concurrent, and specify
consecutive or concurrent to/with what other sentence) (see s.718.3(4))

THIS IS A CERTIFIED
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution

 

## WARRANT OF COMMITTAL ON CONVICTION

SENTENCE OF IMPRISONMENT

Page  2
Form 21 CC
(Sections 570 and 806)
0911 998 10 110301  -00
Agency: 30920   Badge No.: 137

C A N A D A
PROVINCE OF ONTARIO
COUNTY OF FRONTENAC

You are hereby commanded in Her Majesty's name, to arrest the offender
if it is necessary to do so in order to take the offender into custody,
and to take and convey him/her safely to the said prison and deliver him/her to
the keeper thereof, who is hereby commanded to receive the accused into
custody and to imprison him/her there for the terms of his/her sentence;
and this is a sufficient warrant for so doing.

DATED at KINGSTON, ON            , this 25th day of  MARCH,  2011.

RICO3095
CC 2069 (REV 07/96)              Clerk of the Court/Judge

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution

This is **Exhibit "D"** referred to in the
affidavit of Lisa Manson
sworn before me, this
day of May, 2015.

_____

A Commissioner for Taking Affidavits

Sean Martin Perd, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.



*Offender Recieved Copy on March 22/2003.*

**CERT LIB/SUP CERT**

Page 1

Certified True Copy
Signature ........
Date 2015/04/15

Correctional Service
Canada

**CERTIFICATE NUMBER: U40A00024936**

PROTECTED ONCE COMPLETED
[ ]A  [X]B  [ ]C
PERSONAL INFORMATION BANK

**LONG TERM SUPERVISION CERTIFICATE**
Corrections and Conditional Release Act

| This is to certify that the following person is subject to a period of long term supervision as indicated below. | Issued On 2013/03/21 |
|---|---|

Name  FROUDE, KENNETH WAYNE
FPS  083089C                                    D.O.B.  1968/
LTSO Start Date  2010/11/12    Institution  KINGSTON PENITENTIARY
Expiry Date  2022/09/18

**CONDITIONS OF LONG TERM SUPERVISION AND ACKNOWLEDGEMENT**

I fully understand and accept the conditions of my long term supervision (attached), any special conditions noted below or attached and any instructions given by my parole supervisor in respect to any condition of my release. I understand that if I violate them, my long term supervision may be suspended. I also understand that failure or refusal without reasonable excuse to abide by the conditions of the long term supervision order is an offence under 753.3(1) of the Criminal Code of Canada.

753.3(1)  An offender who is required to be supervised by an order made under paragraph 753.1(3)(b) and who, without reasonable excuse, fails or refuses to comply with that order is guilty of an indictable offence and liable to imprisonment for a term not exceeding ten years.

| Special Conditions | Effective Date Y  M  D | End Date Y  M  D |
|---|---|---|
| MUST AVOID CERTAIN PERSONS | 2010/11/12 | 2022/09/17 |
| NO CONTACT, DIRECTLY OR INDIRECTLY WITH THE VICTIMS OF ANY OF YOUR OFFENCES. | | |
| FOLLOW TREATMENT PLAN | 2010/11/12 | 2022/09/17 |
| /COUNSELLING TO BE ARRANGED BY YOUR SUPERVISOR TO ADDRESS DIFFICULTIES IN THE AREAS OF: SEXUAL OFFENDING. | | |
| ABSTAIN FROM USE OF ALCOHOL | 2010/11/12 | 2022/09/17 |
| ABSTAIN FROM PURCHASE, POSSESSION OR CONSUMPTION OF ALCOHOL. | | |
| TO RESIDE AT A SPECIFIC PLACE | 2010/11/12 | 2013/07/26 |
| MUST RESIDE AT A COMMUNITY CORRECTIONAL CENTRE OR A COMMUNITY-BASED RESIDENTIAL FACILITY APPROVED BY THE CORRECTIONAL SERVICE OF CANADA. | | |
| MUST ABSTAIN FROM DRUGS | 2010/11/12 | 2022/09/17 |
| ABSTAIN FROM THE PURCHASE, POSSESSION OR CONSUMPTION OF DRUGS OTHER THAN PRESCRIBED MEDICATION AND OVER THE COUNTER DRUGS TAKEN AS RECOMMENDED BY THE MANUFACTURER. | | |
| MUST AVOID CERTAIN PERSONS | 2010/11/12 | 2022/09/17 |
| NOT TO ASSOCIATE WITH ANY PERSON YOU KNOW TO BE INVOLVED IN CRIMINAL ACTIVITY OR HAVE REASON TO BELIEVE IS INVOLVED IN CRIMINAL ACTIVITY. | | |
| OTHER | 2010/11/12 | 2022/09/17 |
| YOU ARE TO DISCLOSE TO YOUR PAROLE SUPERVISOR, ANY AND ALL CONTACTS WITH FEMALES, WITH WHOM YOU ASSOCIATE OR ATTEMPT TO ASSOCIATE. | | |

I understand that the long term supervision certificate is the property of the Parole Board of Canada and must be delivered on demand of the Parole Board of Canada or of my parole supervisor.

Released offender - Signature                    Witness - Signature

Y  M  D
2013 03 22
Date

LONG TERM SUPERVISION CERTIFICATE

Ce formulaire existe aussi en français.
CSC 1201 (11-11) OMS      VERS (2)
Date and Time Produced  2013/03/21 15:34          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

Page 1 of 4

 

# CERT LIB/SUP CERT
Page 2

PROTECTED ONCE COMPLETED
[ ]A  [X]B  [ ]C
PERSONAL INFORMATION BANK

| CERT. # | U40A00024936 | NAME | FROODE, KENNETH WAYNE |
|---|---|---|---|
| FPS | 083089C | LOC. | KINGSTON PENITENTIARY |

## INSTRUCTIONS

Pursuant to the conditions of your long term supervision, you must obey these instructions.  Failure to do so may result in suspension of your release.  You should also understand that failure or refusal without reasonable excuse to abide by the conditions of the long term supervision order is an offence under 753.3(1) of the Criminal Code of Canada.

You must proceed directly to        KINGSTON, ON

and report to your Parole Supervisor

    BROWN, JEFFREY D

at  PORTSMOUTH COMM. CENTRE

    1455 BATH ROAD            PO BOX 7500
    KINGSTON                  ONTARIO
                                                (613) 545-8365

Other Amendments

_____

_____

_____

Director - Signature                    Parole Supervisor - Signature

LONG TERM SUPERVISION CERTIFICATE
Ce formulaire existe aussi en français.
CSC 1201 (11-11) .OMS       VERS (2)
Date and Time Produced  2013/03/21 15:34          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.




# CERT LIB/SUP CERT

Page 3

PROTECTED ONCE COMPLETED

[ ]A   [X]B   [ ]C

PERSONAL INFORMATION BANK

| CERT. # U40A00024936 | NAME   FROUDE, KENNETH WAYNE |
| FPS    083089C | LOC.   KINGSTON PENITENTIARY |

Special Instructions

National Duty Officer and Monitoring Centre 1-866-400-3765

"Your territorial boundary is defined as the area bounded by Highway 401 to the North, Lake Ontario to the South, Cataraqui River to the East and Collins Bay Rd to the west.  Any travel outside of this area, unless noted as an exception below, will require a travel permit."

Exceptions:  None

Director - Signature

Parole Supervisor - Signature

LONG TERM SUPERVISION CERTIFICATE

Ce formulaire existe aussi en français.

CSC 1201 (11-11) OMS       VERS (2)

Date and Time Produced  2013/03/21 15:34          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.




# CERT LIB/SUP CERT

Page 4

PROTECTED ONCE COMPLETED

[ ]A   [X]B   [ ]C

PERSONAL INFORMATION BANK

| CERT. # | U40A00024936 | NAME | FROODE, KENNETH WAYNE |
|---|---|---|---|
| FPS | 083089C | LOC. | KINGSTON PENITENTIARY |

| REPORTS TO POLICE | | | | | | VISITS TO SUPERVISOR | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Initials | Date | Initials | Date | Initials | Date | Initials | Date | Initials | Date | Initials | Date |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |

## CONDITIONS OF RELEASE
### (Long Term Supervision Order)

The conditions that the Parole Board of Canada is deemed to have imposed in respect of any offender released on long term supervision are that you:

(a) on release, travel directly to your place of residence, as set out in your release certificate, and report to your parole supervisor immediately and thereafter as instructed by your parole supervisor;

(b) remain at all times in Canada within the territorial boundaries fixed by your parole supervisor;

(c) obey the law and keep the peace;

(d) inform your parole supervisor immediately on arrest or on being questioned by the police;

(e) at all times carry the release certificate and the identity card provided by the releasing authority and produce them on request for identification to any peace officer or parole supervisor;

(f) report to the police if and as instructed by your parole supervisor;

(g) advise your parole supervisor of your address of residence on release and thereafter report immediately of:

    (i) any change in your address of residence,

    (ii) any change in your normal occupation, including employment, vocational or educational training and volunteer work,

    (iii) any change in your domestic or financial situation (of the offender), and on request of the parole supervisor, any change that you (the offender) have knowledge of in your family situation (of the offender), and

    (iv) any change that may reasonably be expected to affect your ability to comply with the conditions of long term supervision;

(h) not own, possess or have the control of any weapon, as defined in section 2 of the Criminal Code, except as authorized by your parole supervisor.

LONG TERM SUPERVISION CERTIFICATE

Ce formulaire existe aussi en français.

CSC 1201 (11-11) OMS     VERS (2)

Date and Time Produced  2013/03/21 15:34          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

This is **Exhibit "E"** referred to in the
affidavit of Lisa Manson
sworn before me, this
14th day of May, 2015.

_____
A Commissioner for Taking Affidavits

Sean Martin Pard, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.



PA/SM

Page 1

Correctional Service
Canada

PROTECTED ONCE COMPLETED

CANADA
PROVINCE/TERRITORY OF     ONTARIO

F.P.S. ▮▮▮▮▮
D.O.B. .1968/▮

IN THE MATTER OF THE CORRECTIONS AND CONDITIONAL RELEASE ACT

WARRANT OF APPREHENSION, SUSPENSION AND RECOMMITMENT
TO CUSTODY OF LONG TERM SUPERVISION (s.135.1(1))

TO ANY PEACE OFFICER IN CANADA

WHEREAS, FROUDE, KENNETH WAYNE                                     , hereinafter
referred to as the offender, commenced a period of LONG TERM SUPERVISION on the 12th day of
November , 2010, under the Corrections and Conditional Release Act, referred to as the Act, and that the
LONG TERM SUPERVISION was to continue in force until the 18th day of September, 2022 .

AND WHEREAS, I, PAGEAU, NATHALIE                                     , a person designated by
the Commissioner of the Correctional Service of Canada under subsection 135.1 (1) of the Act, having
reasonable and probable grounds to believe that the offender should be apprehended, hereby suspend the
LONG TERM SUPERVISION                     of the offender and command you to apprehend and convey the offender
safely to a prison, and deliver the offender to the keeper thereof, together with the precept:
YOU THE SAID keeper are hereby commanded to receive the offender into custody until the offender is
dealt with further pursuant to Section 135.1 of the Act.

DATED this 18th day of May     2013 ,
at the City/Town/Municipality of OTTAWA
in the Province/Territory of ONTARIO

_____
PAGEAU, NATHALIE

EXECUTED on the _____ day of _____
at the City/Town/Municipality of _____
in the Province/Territory of _____
by _____

PEACE OFFICER                              RANK
WARRANT NO.     U10A00133121

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

_____
Sentence Administrator
Millhaven Institution

WARRANT OF APPREHENSION, SUSPENSION AND RECOMMITMENT TO CUSTODY OF
LONG TERM SUPERVISION
Ce formulaire existe aussi en français.
CSC 1202 (11-11) OMS     (VERS 2)

DISTRIBUTION
Original = Offender Sentence Management File
Copy = Offender Case Management File
Copy = PBC

Date and Time Produced  2013/05/18 12:37          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

Page 1 of 1

Correctional Service
Canada

PROTECTED ONCE COMPLETED

**WARRANT COVERING**
**LETTER**

| | |
|---|---|
| PUT AWAY ON FILE > | See distribution |

TO:    KINGSTON POLICE
CHIEF OF POLICE
705 DIVISION STREET

KINGSTON
ONTARIO
K7K 4C2

FPS Number

Family Name
FROUDE

Given Name(s)
KENNETH
WAYNE

Date of Birth
1968/█

| | | Y | M | D |
|---|---|---|---|---|
| Expiry of supervision period | | 2022 | 09 | 18 |

Releasing institution
KINGSTON PENITENTIARY

| | | Y | M | D |
|---|---|---|---|---|
| Date released on | | 2010 | 11 | 12 |

Name of supervising office    PORTSMOUTH COMM. CENTRE

**DATA ON OFFENDER**

Supervision type    LONG TERM SUPERVISION

NOTE : We are enclosing for execution a warrant of:    APPREHENSION & SUSPENSION

| REASON: | | |
|---|---|---|
| | For a breach | YES |
| | To prevent a breach | NO |
| | For the protection of society | NO |
| | Automatic Suspension | NO |

Last known address
COMMUNITY CORRECTIONAL CENTRE
PORTSMOUTH CCC
1455 BATH RD. P.O. BOX 7500

KINGSTON
ONTARIO             K7L 5E6

Landline Telephone Number    (613) 545-8360
Cellular Telephone Number

Effective Date    2013/01/02

OTHER ADDRESSES
Name

Address                    Relation to offender

...IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution            Telephone:

WARRANT COVERING LETTER
Ce formulaire existe aussi en français.
CSC 1204 (R-13-03) OMS    VERS (5)

| DISTRIBUTION | |
|---|---|
| Original = | Offender Sentence Management File |
| Copy = | Offender Case Management File |
| Copy = | PBC |
| Copy = | Police Force (if applicable) |
| Copy = | Police Agencies (if applicable) |

Date and Time Produced    2013/05/18 12:38

TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

Page 2

PROTECTED ONCE COMPLETED

| FPS | | NAME | FROUDE, KENNETH WAYNE |
|---|---|---|---|
| DOB | 1968 | LOC. | PORTSMOUTH COMM. CENTRE |

SPECIAL CIRCUMSTANCES:  Indicate special circumstances, including possibility of violence.

## INSTRUCTIONS

1) Please advise the undersigned at:

NATIONAL HEADQUARTERS - CSC

340 LAURIER AVE WEST

OTTAWA

ONTARIO

K1A 0P9

(866) 400-3765

as soon as this person is apprehended.

2) Return a copy of the executed warrant to the nearest CSC Parole Office.

Thank you for your assistance and cooperation in this case.

Name   PAGEAU, NATHALIE

NMC SUPERVISOR

_____
Signature

13/05/81
Date

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

Sentence Administrator
Millhaven Institution

WARRANT COVERING LETTER

Ce formulaire existe aussi en français.

CSC 1204 (R-13-03) OMS      VERS (5)

Date and Time Produced  2013/05/18 12:38

DISTRIBUTION

Original = Offender Sentence Management File
Copy =      Offender Case Management File
Copy =      PBC
Copy =      Police Force (if applicable)
Copy =      Police Agencies (if applicable)

TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

Page 2 of 2

THIS IS A CERTIFIED TRUE
COPY OF THE ORIGINAL

*Drouton*
Sentence Administrator
Milhaven Institution

Page 1

Correctional Service
Canada

PROTECTED ONCE COMPLETED

[ ] A   [X] B   [ ] C

PERSONAL INFORMATION BANK

**REASON FOR SUSPENSION OF
LONG TERM SUPERVISION**

PUT AWAY ON FILE >                        See distribution

FPS Number

~~████████~~

Family Name
FROUDE

Given Name(s)
KENNETH
WAYNE

Name of Responsibility Centre
PORTSMOUTH COMM. CENTRE

Place of Detention

Date of Birth
1968/~~████~~

**SECTION I:** To be completed by person with delegated authority prior to post suspension/revocation
interview.

From:

**PAGEAU, NATHALIE
NMC SUPERVISOR**

Pursuant to the authority vested in me as a person designated by the Commissioner of the Correctional Service of
Canada under subsection 135.1(1) of the Corrections and Conditional Release Act, I have issued a warrant suspending
your

|  | Y | M | D |
|---|---|---|---|
| **LONG TERM SUPERVISION**  on | 2013/05/18 | | |

For a breach of a condition of long term supervision

SUMMARY

Information was received indicating that you have walked away from the CCC thus
breaching your residency condition. As a result your risk in the community has
been deemed unmanageable and your release is suspended.

Signature of designated person

*Pageau*

| Y | M | D |
|---|---|---|
| 2013/05/18 | | |

PAGEAU, NATHALIE                                                    Date

The Offender was informed on

| Y | M | D |
|---|---|---|
| | | |

Date

**SECTION II:** To be completed by interviewing officer.

Signature of Parole Officer

| Y | M | D |
|---|---|---|
| | | |

Date

REASON FOR SUSPENSION OF LONG TERM SUPERVISION
Ce formulaire existe aussi en français.
CSC 1206 (11-11) OMS        VERS (2)

DISTRIBUTION
Original = Offender CM File
Copy = Offender
Copy = PBC

Date and Time Produced  2013/05/18 12:37          TIME IS BASED ON A 24-HOUR CLOCK PERIOD.

This is **Exhibit "F"** referred to in the
affidavit of Lisa Manson
sworn before me, this
19ᵗʰ day of May, 2015.

_____
A Commissioner for Taking Affidavits

Sean Martin Peré, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.



Royal Canadian   Gendarmerie royale
Mounted Police    du Canada

Protected B
once completed

## Certified Copy of Master Fingerprints



| Contributing Agency / Organisme contributeur | Contributor's No./Reference No. / N° du contributeur/N° de référence | | Signature of official taking fingerprint / Signature du préposé aux empreintes | Date fingerprinted / Date de prélèvement des empreintes |
| --- | --- | --- | --- | --- |
| | Ind Ref # Réf. Ind: OBSA/CIC-ASFC/CIC : FOSS-SSOBL: | | | Y-A   M   D-J |
| | Signature of person fingerprinted (full name and address) - Signature de la personne dactyloscopie (nom au complet et adresse) | | | DOB - Y-A   M   D-J |
| Surname - Nom de famille FROUDE, | Given Name 1 - Prénom 1 KENNETH | Given Name 2 - Prénom 2 WAYNE | Other Given Names - Autres prénoms | DDN   1968 |
| Other names, aliases, nicknames, maiden name, Autres noms, nom d'emprunt, sobriquets, nom de jeune fille | Given Name 1 - Prénom 1 | Given Name 2 - Prénom 2 | Other Given Names - Autres prénoms | |
| Apartment / Unit #/ Street Address-Adresse (rue, n° d'app. ou d'unité) | | City - Ville | | Prov.   Postal-Code-Postal |

| Sex - Sexe ☒M  ☐X ☐F | Hair - Cheveux | Eyes - Yeux Brown | Height - Taille (cm) 160 | Weight - Poids (kg) 70 | FPS NO.- N° FPS |
| --- | --- | --- | --- | --- | --- |
| Race ☐ White Blanche   ☐ Non white (specify) Autre (précisor) | | | Complexion - Teint | | |

I,                    Corporal Lily Ho                    , am the official of the Royal Canadian Mounted Police charged with the responsibility for issuing copies of Criminal Record maintained in the Central Repository of Criminal History Information, Ottawa, Ontario.

I hereby certify that this is a true copy of the fingerprints of FPS number    083089C   , held on file in the Central Repository of Criminal History Information, Ottawa, Ontario, in the name of:

FROUDE, Kenneth Wayne

Also known as: Timoth BUSH, Kenneth GIBB, Froude FLLOYD, and Wayne FLLOYD

Corporal Lily Ho

Ottawa, Ontario
2015-03-20

Criminal Records Analysis Services
RCMP Forensic Science & Identification Services Directorate

RCMP GRC 6405e (2012-08)

Canada

This is **Exhibit "G"** referred to in the
affidavit of Lisa Manson
sworn before me, this
19th day of May, 2015.

_A Commissioner for Taking Affidavits_

Sean Martin Peré, a Commissioner, etc.,
Province of Ontario, for the Government
of Canada, Correctional Service of Canada.
Expires January 15, 2018.



2012-07-27 picture from OMS.