**EXHIBIT 2**

| | | |
|---|---|---|
| CANADA | ) | IN THE MATTER OF a request for |
| | ) | extradition of Kenneth Wayne FROUDE |
| PROVINCE OF ONTARIO | ) | from the United States of America to |
| | ) | Canada to face prosecution for three counts |
| CITY OF OTTAWA | ) | of an offence contrary to the *Criminal* |
| | ) | *Code* of Canada and to serve the remainder |
| | ) | of a Long Term Supervision Order. |

## AFFIDAVIT OF VANESSA WYNN-WILLIAMS

I, Vanessa Wynn-Williams, of the City of Ottawa, in the Province of Ontario, AFFIRM THAT:

1. I am a barrister and solicitor licensed to practice law in the Province of Ontario. I received my legal training at Queen's University in Kingston, Ontario, where I obtained a Juris Doctor (JD) degree in 2014. I was called to the Bar of Ontario in June 2015. Since shortly thereafter, I have been employed with the Federal Department of Justice as a barrister and solicitor, acting as counsel to the Correctional Service of Canada (CSC) as part of its Legal Services Unit.

2. As counsel with the CSC Legal Services Unit, I provide the CSC with legal assistance in both advisory and litigation matters. In particular, I provide the CSC with legal opinions regarding the *Corrections and Conditional Release Act* and *Regulations*, the *International Transfer of Offenders Act*, and the *Criminal Code* of Canada.

3. This Affidavit is sworn in response to the April 11, 2016 Order of the Honourable Judge Charles F. Eick. It should be read in conjunction with the Affidavit sworn by Lisa Manson on May 19, 2015, the Affidavits sworn by Karen Shai on May 15, 2015 and March 30, 2016, and the Affidavit sworn by Peter Glenn on April 27, 2016.

4. As stated at paragraph 11 of the Supplementary Affidavit of Karen Shai, a long-term supervision order (LTSO) was imposed on Mr. FROUDE by the Court on May 16, 2008, when he was sentenced as a long-term offender.

5.   Pursuant to s. 753.2 of Canada's *Criminal Code*, Revised Statutes of Canada, c. C-46, offenders on whom LTSOs are imposed shall be supervised in accordance with the *Corrections and Conditional Release Act*, Statutes of Canada, 1992, c. 20 (CCRA). The text of this provision, as it read on March 30, 2016, is reproduced at paragraph 7 of the Supplementary Affidavit of Karen Shai. In 2004, this provision read as follows:

> **753.2** (1) Subject to subsection (2), an offender who is required to be supervised by an order made under paragraph 753.1(3)(b) shall be supervised in accordance with the *Corrections and Conditional Release Act* when the offender has finished serving
>
>> (a) the sentence for the offence for which the offender has been convicted; and
>>
>> (b) all other sentences for offences for which the offender is convicted and for which sentence of a term of imprisonment is imposed on the offender, either before or after the conviction for the offence referred to in paragraph (a).
>
> (2) A sentence imposed on an offender referred to in subsection (1), other than a sentence that requires imprisonment of the offender, is to be served concurrently with the long-term supervision ordered under paragraph 753.1(3)(b).

6.   Section 134.1 of the CCRA relates to the conditions of long-term supervision. In 2010 and 2013, when Mr. FROUDE's long-term supervision began and resumed, this provision read as follows:

> **134.1** (1) Subject to subsection (4), every offender who is required to be supervised by a long-term supervision order is subject to the conditions prescribed by subsection 161(1) of the *Corrections and Conditional Release Regulations*, with such modifications as the circumstances require.
>
> (2) The Board may establish conditions for the long-term supervision of the offender that it considers reasonable and necessary in order to protect society and to facilitate the successful reintegration into society of the offender.
>
> (3) A condition imposed under subsection (2) is valid for the period that the Board specifies.
>
> (4) The Board may, in accordance with the regulations, at any time during the long-term supervision of an offender,
>
>> (a) in respect of conditions referred to in subsection (1), relieve the offender from compliance with any such condition or vary the application to the offender of any such condition; or

(b) in respect of conditions imposed under subsection (2), remove or vary any such condition.

7. The text of s. 161(1) of the *Corrections and Conditional Release Regulations*, SOR/92-620, as it appears today and which has not changed since 1992, is reproduced at Exhibit B to the Affidavit of Karen Shai.

8. The "Board" referenced in section 134.1 of the CCRA is the Parole Board of Canada, an independent administrative tribunal. This tribunal used to be known as the National Parole Board. Subsection 99(1) and section 103 of the CCRA are the relevant legislative provisions. These provisions read as follows:

> 99 (1) In this Part,
>
> *Board* means the Parole Board of Canada continued by section 103 and includes a provincial parole board where it exercises jurisdiction in respect of parole as provided by section 112 or in respect of which any other provision of this Part is, by virtue of section 113, rendered applicable;
>
> [...]
>
> 103 The National Parole Board is continued as the Parole Board of Canada and consists of not more than 60 full-time members and a number of part-time members all of whom are appointed by the Governor in Council, on the recommendation of the Minister, to hold office during good behaviour for periods not exceeding 10 years and three years, respectively.

9. As such, the Board set the conditions of Mr. FROUDE's long-term supervision. These conditions, both special and general, are listed on the Long Term Supervision Certificates attached as Exhibits B and D to the Affidavit of Lisa Manson.

10. This affidavit is made in good faith, in support of a request by Canada for the extradition of Mr. FROUDE to be prosecuted on criminal charges and for the enforcement of a LTSO, and for no improper purpose.

SWORN BEFORE ME at )
the City of Ottawa, in the Province )
of Ontario, this 27th day )
of April, 2016. )
)
) _____
) Vanessa Wynn-Williams
)
_____ )
Commissioner of Oaths

C. SINGH
LSUC# 56538